IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

SEPTEMBER 1998 SESSION

FILED

October 23, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| WILLIAM A. RANSOM, | * | # 01C01-9708-CC-00328 |
| Appellant, | * | DAVIDSON COUNTY |
| VS. | * | Hon. J. Randall Wyatt, Jr., Judge |
| KEVIN MYERS, WARDEN, and STATE OF TENNESSEE, | * | (Petition for Writ of Habeas Corpus) |
| | * | |
| Appellees. | * | |
| | * | |

For Appellant:

William A. Ransom, Pro Se
# 98835, Gemini B-A 110
CCA/SCCC
P.O. Box 279
Clifton, TN 38425-0279

For Appellees:

John Knox Walkup
Attorney General & Reporter

Lisa A. Naylor
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

OPINION FILED: _____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

## OPINION

The petitioner, William A. Ransom, was convicted of robbery and, because he qualified as a habitual criminal, he received a life sentence. This court affirmed the convictions on direct appeal. State v. William Ransom, [no number in original] (Tenn. Crim. App., at Nashville, May 15, 1984). In this petition for habeas corpus, the petitioner claims that the indictment for robbery and the declaration of habitual criminality is void because the indictment failed to assert the requisite mens rea. It is the initial contention of the petitioner that, due to the faulty indictment, the trial court lacked jurisdiction to enter a conviction or impose a sentence. Secondly, the petitioner claims that the trial court erred by failing to appoint counsel or to conduct an evidentiary hearing.

We affirm the judgment of the trial court.

I

On June 10, 1997, the petitioner filed this petition for habeas corpus relief alleging deficiencies in each count of the indictment based upon the ruling of this court in State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App., at Nashville, June 20, 1996), rev'd, 954 S.W.2d 725 (Tenn. 1997). While the state failed to respond to the petition, the trial court entered a summary order of dismissal.

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was

2

without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). The validity of an indictment may be challenged in a habeas corpus proceeding, "where the indictment is so defective as to deprive the court of jurisdiction." Dykes v. Compton, ___ S.W.2d ___, No. 02-S-01-9711-CC-00105, slip op. at 2 (Tenn., at Nashville, Sept. 21, 1998).

Tennessee Code Annotated § 39-11-301(c) (1989) provides that "[i]f the definition of an offense within this title does not plainly dispense with a mental element, intent, knowledge or recklessness suffices to establish the culpable mental state." In Hill, a panel of this court ruled that the statutory offense of rape as defined by the 1989 Act did not "plainly dispense" with a mens rea of the crime and thus the indictment, which did not allege a mens rea, was void for failure to allege an essential element of the offense. Slip op. at 5-6.

On appeal, our supreme court overruled the intermediate court, holding as follows:

> [F]or offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as
>
> > (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;
> >
> > (2) the form of the indictment meets the requirements of Tenn. Code Ann. § 40-13-202; and
> >
> > (3) the mental state can be logically inferred from the conduct alleged.

Hill, 954 S.W.2d at 726-27.  The court ultimately ruled that the indictment for aggravated rape was sufficient because "the act for which the defendant [was] indicted, 'unlawful sexual penetrat[ion]' ... is committable only if the principal actor's mens rea is intentional, knowing, or reckless.  Thus, the required mental state may be inferred from the nature of the criminal conduct alleged."  Id. at 729.

The 1981 indictment challenged by the petitioner pre-dated this court's opinion in Hill.  That opinion was primarily based on a provision of the 1989 Act, Tenn. Code Ann. § 39-11-301(b), which provided that a "culpable mental state is required ... unless the definition of the offense plainly dispenses with the mental element."  Our prior criminal statutes contained no similar provision.  Nevertheless, our supreme court has ruled that the analysis set forth in Hill is applicable to pre-1989 indictments.  Dykes, slip op. at 6.

> For the offense of robbery, the petitioner was charged as follows:
>
> [Count One] On the ___ day of May, 1981, with force and arms, in the County aforesaid, [the petitioner] unlawfully, feloniously did make an assault upon the body of one Paul Givan, then and there ... unlawfully, feloniously, and violently did steal, take, and carry away from the person against the will of said Paul Givan certain personal property, to wit: ... contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Tennessee.

(internal quotation marks omitted).  In 1981, robbery was defined as the "felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear ...."  Tenn. Code Ann. § 39-3901 (Repl. 1975).

In our view, the language of the indictment provided notice to the petitioner of the charge, is adequate for entry of judgment, and protects the petitioner against double jeopardy.  Moreover, the indictment states the facts in

4

ordinary language clearly capable of understanding. See Tenn. Code Ann. § 40-13-202. Finally, the term "feloniously" has been recognized as expressing a culpable mental state. See Gregory L. Hatton v. State, No. 02C01-9611-CC-00407, slip op. at 2-3 (Tenn. Crim. App., at Jackson, Feb. 19, 1997). In consequence, the indictment for robbery was sufficient.

For the determination of habitual criminality, the petitioner was charged as follows:

> [Count Two] On the day and date aforesaid, in the County and state aforesaid, the said [petitioner], unlawfully did commit the crime and felony set out in Count One of this indictment which is more fully described therein and incorporated herein by reference thereto, ... the said [petitioner] was then and there a person who had been either three (3) times convicted within the State of Tennessee of felonies, not less than two (2) of which are among those specified in [enumerated sections], said prior convictions being as follows: ... . EMPHASIS: [the petitioner] by reason of commission of said felony of Robbery after said above enumerated felony convictions, is a habitual criminal ....

(internal quotation marks omitted). In 1981, habitual criminality was determined as follows:

> [a]ny person who has either been three (3) times convicted within this state of felonies, not less than two (2) of which are among those specified in [enumerated sections] or were for a crime punishable by death under existing law, but for which the death penalty was not inflicted, or who has been three (3) times convicted under the laws of any other state, government or country of crimes, not less than two (2) of which, if they had been committed in this state, would have been among those specified in said [enumerated sections] or would have been punishable by death under existing laws, but for which the death penalty was not inflicted, shall be considered, for the purposes of this chapter, and is declared to be an habitual criminal...; provided, further, that each of such three (3) convictions shall be for separate offenses, committed at different times, and on separate occasions.

Tenn. Code Ann. § 40-2801 (Repl. 1975). Furthermore, the statute directed as

follows:

> an indictment ... which charges a person, who is an
> habitual criminal ... with the commission of any felony
> specified in [enumerated sections] or a crime for which
> the maximum punishment is death, shall, in order to
> sustain a conviction of habitual criminality, also charge
> that he is such habitual criminal. Every person so
> charged as being an habitual criminal shall be entitled ...
> to ... a written statement of the felonies, prior convictions
> of which form the basis of the charge of habitual
> criminality ....

Tenn. Code Ann. § 40-2803 (Repl. 1975). "[H]abitual criminality is a status, not an offense; and its finding calls for an enhancement of the punishment ... to life imprisonment." Meade v. State, 484 S.W.2d 366, 368 (Tenn. Crim. App. 1972). This statute requires no mens rea. John J. Villaneuva v. Carlton, No. 03C01-9611-CR-00425 (Tenn. Crim. App., at Knoxville, Oct. 3, 1997). To be declared a habitual criminal, the petitioner need only commit a certain number of identified felonies.

II

The petitioner also claims that the trial court erred when it declined to appoint him counsel and failed to afford him an evidentiary hearing. On appeal, when the petitioner again requested counsel be appointed, this court remanded the issue to the trial court for reconsideration. William A. Ransom v. State, No. 01C01-9708-CC-00328, Order (Tenn. Crim. App., at Nashville, Aug. 29, 1997). On remand, the trial court ruled, "pursuant to Tenn. Code Ann. § 40-14-204, ... the appointment of counsel by the Court was not necessary for an adequate and fair review of the petitioner's Hill claim and, accordingly, is also not necessary on appeal."

This court has previously held as follows:

> [There is no requirement] that counsel should be
> appointed in all cases requesting the writ of habeas
> corpus before dismissal of incompetent petitions. While
> it is true that Tennessee Code Annotated Section 40-14-
> 204 allows the appointment of counsel "if necessary" in

6

> habeas corpus proceedings, there is no constitutional
> right to counsel in a habeas corpus proceeding.

Elmer Lester Fritts v. State, No. 02C01-9210-CC-00243, slip op. at 3 (Tenn. Crim. App., at Jackson, Sept. 22, 1993)(citations omitted). "It is elementary that a habeas corpus petition may be dismissed without a hearing, and without the appointment of counsel for a hearing, unless it alleges facts showing the denial of state or federal constitutional rights or some fatal jurisdictional fault." State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636-37 (Tenn. 1967).

First, the petitioner has no absolute right to counsel. Nothing in this record demonstrates that one was "necessary" within the meaning of the statute. Secondly, there is no mandatory right to a hearing and the trial court is not required to hear proof unless the petitioner raises a colorable claim in his petition. See State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964); see Tenn. Code Ann. § 29-21-109.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
Thomas T. Woodall, Judge


_____
Curwood Witt, Judge

7