IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 29, 2002

## ROBERT L. WILKS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Johnson County**
**No. 3897      Robert E. Cupp, Judge**

**No. E2002-00846-CCA-R3-PC**
**December 13, 2002**

The petitioner, Robert L. Wilks, appeals from the trial court's denial of his petition for habeas corpus relief. The trial court did not appoint counsel. In this appeal of right, the petitioner alleges that the trial court erred by denying the appointment of counsel and by entering the order of summary dismissal. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOE G. RILEY and ROBERT W. WEDEMEYER, JJ., joined.

Robert L. Wilks, Mountain City, Tennessee, pro se.

Paul G. Summers, Attorney General & Reporter, and Thomas E. Williams, III, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

Between 1978 and 1988, the petitioner, a funeral director, committed several crimes related to the operation of his funeral home in Robertson County. After being charged with 71 felonies and misdemeanors, the petitioner entered pleas of guilt to 17 counts of obtaining money under false pretenses, six counts of attempt to commit a felony, and 25 counts of the common law misdemeanor offense of improper disposal of a dead body. The petitioner was sentenced to three years on each count of obtaining money under false pretenses, two years on each conviction for attempt to commit a felony, and 11 months and 29 days on each of the misdemeanors. Because several of the offenses were ordered to be served consecutively, the effective term was just under 28 years, to be served concurrently with a prior sentence of four and one-half years for an offense in Sumner County. Each judgment was entered on November 1, 1989, based upon guilty pleas entered October 10 of that year. This court affirmed the sentence on direct appeal. State v. Robert Lewis Wilks, No. 01C01-9002-CR-00039 (Tenn. Crim. App., at Nashville, Nov. 16, 1990). In a petition for habeas corpus relief

filed December 4, 2001, in Johnson County, where the petitioner is serving his prison term, the petitioner alleged that his 25 convictions for "mishandling of dead body" were void because there was no such offense. After the state filed a motion to dismiss, the petitioner requested the appointment of counsel, which the trial court denied.[1]

In its motion to dismiss, the state argued that mishandling a dead body was a common law misdemeanor and that common law offenses in Tennessee were in full force and effect until the adoption of the 1989 Act, effective November 1 of that year. The state alleged that Tennessee Code Annotated section 16-10-102 (1989) empowered the circuit court which entered the judgment, with "exclusive original jurisdiction of all crimes and misdemeanors, either as common law or by statute, unless otherwise expressly provided by statute." The trial court dismissed the petition, concluding that because this court had recognized the validity of the common law offense in its 1990 opinion affirming the petitioner's convictions, the petitioner was not entitled to relief from the misdemeanor convictions.

In this appeal, the petitioner initially argues that McLaney v. Bell, 59 S.W.3d 90 (2001), requires the appointment of counsel. In McLaney, our supreme court ruled that it was, in fact, erroneous for the trial court to refuse to appoint counsel when the petitioner failed to include the documents necessary for summary review. Id. at 94-95. This case is distinguishable, however, because the documents necessary for adjudication of the issue have been included in the record. Even if the petitioner is indigent, he does not necessarily qualify for the appointment of counsel in a habeas corpus petition. The petitioner must demonstrate some potential merit in his claims. See State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635, 636-37 (Tenn. 1967).

A "person imprisoned or restrained of [his] liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment." Tenn. Code Ann. § 29-21-101. A writ of habeas corpus, however, is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

---

[1]After a motion to appoint counsel in this court, an order was entered denying the request. The order provides that "the petition does not demonstrate potential merit as to render the appointment of counsel necessary in this case pursuant to Tenn. Code Ann. § 40-14-204, even if the petitioner is determined to be indigent."

Under our current law, an indictment does not charge a cognizable offense if there is not a statute[2] creating the offense. That was not so, however, prior to November 1, 1989. Common law offenses existed until that date: "[U]nless it existed at common law, or can properly be evolved from the principles of the common law, either of which would be sufficient," an indictment is not an offense unless established by statute. Thompson v. State, 105 Tenn. 177, 180, 58 S.W. 213, 213 (1900). In order to qualify for habeas corpus relief, the petitioner must establish that the mishandling or improper disposal of a dead body was not a common law offense.

In Thompson, our supreme court recognized as sacred "an undisturbed repose of the human body when buried." Id. It described as an indictable offense the "indecent taking and carrying away of [a] dead body" with an intent for profit. Id. The actual holding was that the unauthorized disposition and sale of a human corpse for gain and profit was a common law high grade misdemeanor, malum in se. Id. at 214.

At 81 A.L.R. 3d 1071, the common law crime of indecently disposing of a dead body is recognized as a valid charge. See John S. Herbrand, Annotation, Validity, Construction, and Application of Statutes, Making It a Criminal Offense to Mistreat or Wrongfully Dispose of Dead Body, 81 A.L.R. 3d (1977 & Supp. 2002). The gravamen of the offense is that the facts supporting the crime be such that "the feelings and natural sentiments of the public would be outraged." Id. at 1073 (citing State v. Bradbury, 9 A.2d 657 (Me. 1939)). Other authorities confirm that disposal of a dead body in a manner contrary to common decency qualifies as a common law offense. See generally Baker v. State, 223 S.W.2d 809 (Ark. 1999); State v. Hartzler, 433 P.2d 231 (N.M. Ct. App. 1967); 22A Am.Jur.2d Dead Bodies § 46 (1965).

Finally, in State v. Vestal, 611 S.W.2d 819, 821 (Tenn. 1981), the majority opinion of our supreme court made specific reference to the common law offense of indecent disposal of a body. In his dissent, Justice Frank Drowota (now Chief Justice) specifically recognized Kanovan's Case, 1 Me. 205, 1 Greenleaf 226 (1821), as the lead authority for "the proposition that any disposal of a dead body . . . contrary to common decency is a misdemeanor at common law." 611 S.W.2d at 822 (Drowota, J., dissenting); cf. State v. Gary Wilks, No. 01C01-9001-CR-00020 (Tenn. Crim. App., at Nashville, Nov. 1, 1990) (holding that an insufficient indictment, failing to charge a crime, was a basis for relief notwithstanding the validity of improper handling of a dead body as a common law offense).

In summary, the improper disposal of a dead body has been traditionally recognized in this state and others as a common law offense. Because the crimes were committed before the statutory replacement of common law crimes effective November 1, 1989, the petitioner is unable to establish a potential for relief. Absent that potential, the appointment of counsel was unnecessary.

Accordingly, the judgment is affirmed.

---

[2] See Tenn. Code Ann. § 39-17-312 (abuse of corpse).

_____
GARY R. WADE, PRESIDING JUDGE