IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 1, 2006

### TERRY D. BREWER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lake County**
**No. 06-CR-8795      R. Lee Moore, Judge**

_____

**No. W2006-00579-CCA-R3-HC   - Filed October 31, 2006**

_____

The petitioner, Terry D. Brewer, filed a pro se petition for writ of habeas corpus, challenging his forty-five-year sentence stemming from his 1989 convictions for aggravated rape with pregnancy occurring, aggravated sexual battery, and incest. The trial court summarily dismissed the petition for writ of habeas corpus. The petitioner appeals the trial court's dismissal and refusal to appoint counsel. The petitioner contends that his sentences are void because he was improperly sentenced under the 1982 Sentencing Reform Act instead of the 1989 Sentencing Reform Act. We conclude that the petition states no cognizable claim for relief, and we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

Terry D. Brewer, Tiptonville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Relative to charges of sexual abuse of his two minor daughters, the petitioner was convicted in 1989 of aggravated rape with pregnancy occurring, T.C.A. §§ 39-2-603, -609 (1982), aggravated sexual battery, T.C.A. § 39-2-606 (1982), and incest, T.C.A. § 39-4-306 (1982). The petitioner was sentenced to concurrent sentences of forty-five years for the rape conviction, twenty years for battery, and thirteen years for incest. On direct appeal, this court affirmed the petitioner's convictions and sentences. State v. Terry Brewer, No. 8, Henderson County (Tenn. Crim. App. Jun. 12, 1991). This court affirmed the denial of post-conviction relief. Terry Brewer v. State, No. 02C01-9401-CC-00239, Henderson County (Tenn. Crim. App. Apr. 5, 1995). The petitioner was also previously unsuccessful in challenging his judgments through a petition for writ of habeas corpus on different

grounds than he now argues. See Terry Dale Brewer v. State, No. 02C01-9611-CC-00401, Lake County (Tenn. Crim. App. Feb. 24, 1997).

The petitioner's arguments for habeas corpus relief relate to the timing of his sentencing. His sentencing hearing initially was scheduled for October 30, 1989. On October 26, a copy of the presentence report was received in the office of the petitioner's counsel. On October 27, the petitioner filed a motion to continue the sentencing hearing, as his counsel was not aware that he had received the presentence report the prior day. After discovering this, the petitioner's counsel renewed the petitioner's motion for a continuance to allow sufficient time to review the presentence report and prepare for the sentencing hearing. The trial court granted a one-day continuance, and the sentencing hearing took place on October 31, 1989.

The Criminal Sentencing Reform Act of 1989 took effect on November 1, 1989. Under the Act, even though the petitioner's crimes occurred before November 1, 1989, he would have been sentenced under the new law if his sentencing took place on or after that date. T.C.A. § 40-35-117(b). The 1989 Act substantially modified preexisting law and re-classified the petitioner's offenses, such that the ranges of sentences available for the petitioner's convictions would have been less under the 1989 Act than they were under the preexisting law. See T.C.A. § 40-35-118.

The petitioner argues that he should have been sentenced under the 1989 Act. He argues that his sentencing should have been delayed until five days after his counsel received the presentence report and that those five days should have been computed according to Tennessee Rule of Criminal Procedure 45, which would have resulted in him being sentenced after November 1, 1989. By statute in effect at the time of the petitioner's sentencing, "[t]he pre-sentence report shall be filed, and complete copies . . . shall be made available to the parties within a reasonable period of time prior to the sentencing hearing. A reasonable time shall be considered to be five (5) days . . . ." T.C.A. § 40-35-208 (1982). The code also mandated that "[t]he court, upon the request of either party and with good cause shown, shall continue the sentencing hearing for at least five (5) days, but not more than thirty (30) days, after the filing of the pre-sentence report . . . ." T.C.A. § 40-35-209 (1982). Under Tennessee Rule of Criminal Procedure 45, when a period of time mandated is less than seven days, it is to be computed by excluding intermediate Saturdays and Sundays. The presentence report was made available to the petitioner on Thursday, October 26. Five days later, as computed according to Rule 45, would have been Thursday, November 2, after the 1989 Sentencing Reform Act took effect.

The trial court denied the petition for writ of habeas corpus without a hearing, stating that "the issues raised in this Petition for Writ of Habeas Corpus have already been determined previously on two occasions" by this court. In particular, the trial court cited to the petitioner's direct appeal and post-conviction appeal. The petitioner challenged the legality of his sentence under the 1982 law in both those appeals, arguing that the trial court erred in not granting him a longer continuance before sentencing. In his direct appeal, this court held that the petitioner did receive five-days notice after he received the presentence report and before the hearing. Terry Brewer, No. 8, Henderson County, slip op. at 11-12. In seeking post-conviction relief, the petitioner again raised the argument

that he did not receive the statutorily-mandated notice of at least five days before his sentencing. This court held that "[t]his issue has been previously determined and therefore has no merit." Terry Brewer, No. 02C01-9410-CC-00239, Henderson County, slip op. at 3.

The petitioner argues on appeal that the issue of the trial court's compliance with Rule 45 has never been addressed by this court or the trial court and that it was error for the trial court to dismiss his petition summarily without appointing counsel. He contends that the trial court lacked authority to sentence him under the 1982 Act and that the sentences are void and illegal. The state argues that the petition should be dismissed because of its failure to comply with numerous procedural requirements and that, at any rate, the judgments against the petitioner are facially valid.

The determination of whether habeas corpus relief should be granted is a question of law which we review de novo on appeal. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2001). Habeas corpus relief will be granted when the petitioner can show that his judgment is void, not merely voidable. Taylor v. State, 995 S.W.3d 78, 83 (Tenn. 1999). Our courts have held that a judgment is void "when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." Stephensen v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citing Archer v. State, 851 S.W.3d 157, 164 (Tenn. 1993)). The burden is on the petitioner to establish that the judgment is void. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000); State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). If the petitioner carries this burden, he is entitled to immediate release. Passarella v. State, 891 S.W.3d 619, 627 (Tenn. Crim. App. 1994). However, the trial court may summarily dismiss a petition for writ of habeas corpus without an evidentiary hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); State ex. rel. Edmondson v. Henderson, 220 Tenn. 605, 609, 421 S.W.2d 635, 636 (1967); see also T.C.A. § 29-21-109.

As the petitioner points out, in affirming his convictions on prior occasions, this court did not address the applicability of Rule 45 to the petitioner's argument that his sentencing should have been delayed until after the 1989 Sentencing Reform Act took effect. However, regardless of the applicability of Rule 45, the petitioner's sentences are not void, and the petitioner is not entitled to habeas corpus relief. The petitioner does not contend that his sentences have expired. Even if the petitioner's arguments regarding the appropriate timing of his sentencing were sound, the judgments against him are not facially invalid. The cases that the petitioner cites in arguing that the circumstances of his sentencing render the judgments void, McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001) and McConnell v. State, 12 S.W.3d 795 (Tenn. 2000), stand for the well-settled principle that sentences imposed in direct contravention of the law are void and illegal. See also Stephensen, 28 S.W.3d at 911. In both those cases, the petitioners were entitled to habeas corpus relief because the trial courts handed down sentences that were not allowed by the sentencing laws applicable at the time of the sentencing. McLaney, 59 S.W.3d at 93; McConnell, 12 S.W.3d at 797. In the present case, the petitioner was sentenced on October 31, 1989, one day before the 1989 Sentencing Reform Act took effect. The sentences imposed were available at the time of his sentencing. Whether the

proper computation of time would have delayed his sentencing until after the 1989 law took effect is not an issue that would render the judgments void.

Accordingly, the petition states no cognizable claim for habeas corpus relief. The trial court did not err in dismissing the petition without a hearing. See Hickman, 153 S.W.3d at 20. In this regard, as previously stated, if the facts alleged in the petition do not show appropriate grounds for habeas corpus relief, the trial court may dismiss the petition without the appointment of counsel. Henderson, 220 Tenn. at 609, 421 S.W.2d at 636.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE