State of Tennessee ex rel Edward Edmondson,
Plaintiff in Error.

*v.*

C. Murray Henderson, Warden, Tennessee State
Penitentiary at Nashville, Defendant in Error.

421 S.W.2d 635.

(*Nashville,* December Term, 1966.)

Opinion filed November 27, 1967.

606

William E. Higgins, Nashville, for plaintiff in error.

George F. McCanless, Attorney General, and Paul E. Jennings, Assistant Attorney General, Nashville, for defendant in error.

Mr. Justice Humphreys delivered the opinion of the Court.

In November, 1965, petitioner was sentenced, after executing a waiver of jury trial and entering a written plea of guilty to five years in the penitentiary for armed robbery in each of two cases, the sentences to run concurrently. Petitioner thereafter executed a written waiver of his right to an appeal.

Petitioner filed his petition for habeas corpus in the Davidson County Criminal Court, alleging the judgment of conviction to be void on the grounds:

1. That the indictment returned against him indicated that petitioner was a Negro, because the letter "C" was on the indictment, this letter designating "Colored";

2. He was confined in jail for a period of time without benefit of counsel or being advised of his right to counsel;

3. At his trial on November 4, 1965, petitioner was represented by appointed counsel but counsel conferred with petitioner only one day before the trial;

4. At the time of the trial no proof was offered to the jury by the State on which the jury could act to fix his punishment contrary to T.C.A. sec. 40-2310.

5. That petitioner entered an ill-advised plea of guilty on advice of his court appointed attorney.

The trial judge, finding the petition amounted only to a collateral attack on the judgment, and alleging no facts showing petitioner had been deprived of any constitutional rights, dismissed the petition without an evidentiary hearing.

Here the dismissal is asserted to be error, "Defendant having alleged sufficient facts to establish his conviction was void because of the denial of several constitutional

rights and the defendant having requested the assistance of counsel in the hearing on his petition.''

█ It is elementary that a habeas corpus petition may be dismissed without a hearing, and without the appointment of counsel for a hearing, unless it alleges facts showing the denial of state or federal constitutional rights or some fatal jurisdictional fault. *State ex rel. Byrd v. Bomar,* (1964) 214 Tenn. 476, 381 S.W.2d 280.

The record shows petitioner was arraigned October 8, 1965, and entered a plea of not guilty to an indictment for armed robbery. Thereafter, represented by Mr. A. A. Birch, Deputy Public Defender, petitioner made a written waiver of jury trial, which was also signed by his attorney. Next, petitioner filed a written plea of guilty and received a five-year sentence in each of two cases upon a charge of robbery without the use of a deadly weapon, the sentences to run concurrently. On that same day, petitioner filed a written waiver of appeal.

In the waiver of trial by jury, petitioner swore that he had been advised by counsel of his constitutional right to a trial by jury, but desired to waive that privilege.

The written plea of guilty is likewise in the record before us, and it recites:

"IN THE ~~CIRCUIT~~/CRIMINAL [sic] COURT OF
DAVIDSON COUNTY
PART I.

| | | |
|---|---|---|
| STATE OF TENNESSEE | ⎱ | |
| VS. | ⎰ | Armed Robbery |
| EDWARD EDMONDSON | | Docket No. 19257, 19259 |
| Defendant | | |

PLEA OF GUILTY

The defendant, appearing in person in this cause, and having been fully advised by the court of the crimes charged against him, the punishment which could be meted out if the defendant is found guilty and of his constitutional rights therein, hereby voluntarily pleads guilty to the offenses of robbery.

The defendant also states to the court that his Attorney being present, Honorable A. A. Birch, Jr., has fully informed him of all of his rights and that after a full explanation of these rights, the defendant informed his Attorney that he wanted to voluntarily enter a plea of guilty, and to this decision of the defendant, said Attorney agrees.

This the 4 day of November, 1965.

Approved: s/ Edward Edmondson,

 Defendant.

s/A. A. Birch, Jr.

Attorney for Defendant''

 Tr. p. 14

---

Although several grounds are asserted in the petition as a basis for voiding the judgment, none of these present any question except the one with respect to the appointment of petitioner's attorney and his opportunity to consult with him, and the averments with respect to the circumstances under which he pleaded guilty.

 With respect to the allegation petitioner was prejudiced by the letter ''C'' on his indictment, this is based on the unsupported assumption of petitioner that the letter was placed thereon to indicate his race. But this assumption is unwarranted, since petitioner is a

Negro, and the letter "N" is, of course, the letter which indicates the Negro race. Moreover, it was incumbent on petitioner to raise this question at the trial. After a voluntary plea of guilty it is too late to bring this up to vacate a final judgment. *Gray v. Johnson,* 354 F.2d 986 (6th Cir. 1965); *Bomar v. State ex rel. Boyd,* unreported; *State ex rel. Ves v. Bomar,* 213 Tenn. 487, 376 S.W.2d 446.

■ As to the allegation petitioner was confined in jail without an attorney for a period of time between arrest and arraignment, there is no showing of any prejudice resulting therefrom. No confession was secured from petitioner. He does not allege he was mistreated in any way. And there is nothing in the petition to suggest that petitioner would have benefited in any way by appointment of counsel during this time. When petitioner was furnished counsel at arraignment, and thereafter, his constitutional rights in this regard were satisfied.

■ Although T.C.A. sec. 40-2310 provides that upon a plea of guilty, when the punishment is confinement in the penitentiary, a jury shall be impaneled to hear the evidence and fix the punishment, this is not a constitutionally afforded right, and is waived when a defendant, acting on advice of counsel enters a voluntary, knowledgeable plea of guilty, and allows a judgment of conviction to become final. And, moreover, does not exhaust appellate remedies afforded him. So far as we are aware, there is no state or federal holding that in addition to a voluntary knowledgeable confession of guilt by a plea of guilty, there must also be proof of the guilt introduced before the jury. In Tennessee, the right under consideration is simply a statutory right, and may be waived. *State v. Simmons,* 199 Tenn. 479, 287 S.W.2d 71; *McCord*

*and Anglin v. Henderson, Warden,* C.A.6th Cir., 384 F.2d 135, opinion filed October 25, 1967.

This brings us to the serious question whether there should have been an evidentiary hearing with respect to the appointment of counsel and possible prejudice to petitioner therefrom; and the circumstances of his plea of guilty, whether voluntary and knowledgeable as required by the cases. *Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

The only allegation in the petition with respect to the time of appointment of defense counsel and the consequences of the time of that appointment is as follows:

"The petitioner would show further to this court that the trial before the petit jury took placed (sic) on November 4, 1965. And that he had an attorney appointed by the court but that said attorney did not consult with the petitioner until approximately one day before the trial and that at that time it was the first time that he had ever consulted with an attorney or was ever allowed to consult with an attorney even though during this time he was held in the county jail, for Davidson County, Tennessee, without being able to make bond."

■■ When this allegation is read in the light most favorable to petitioner, it fails even to intimate any prejudice to petitioner because of the time of the appointment. Nor, is there any intimation that defendant could have been benefited in any way by consulting with counsel earlier than he did. In the absence of any allegation of prejudice, or, conversely, benefit, from the earlier appointment of counsel, the trial judge was not obligated to hold an evidentiary hearing in order to ferret out some possible prejudice or loss of advantage because of the

time of appointment. Although this case is different from *State ex rel. Callahan v. Henderson,* 220 Tenn. 417, 417 S.W.2d 789 (Opinion by Mr. Chief Justice Burnett, July 28, 1967), in that, in that case an evidentiary hearing was held, this case comes within the scope of the holding in that case, and on that authority we overrule this contention of the petitioner.

With respect to his plea of guilty, the sole allegation in the petition is:

"The petitioner would further show * * *; that he pleaded guilty to the lesser offense, upon the advice of his attorney, because he was an indigent person with no experience in the ways of the law, and that petitioner thought that his rights were being protected by said attorney."

■ There is no allegation the deputy from the Public Defender's office was not thoroughly competent to represent petitioner. No allegation that this appointed attorney did not consult and counsel with petitioner and undertake to understand his case and fully represent him. In fact, the contrary is indicated by the allegation that he entered his plea of guilty upon advice of his attorney. If the trial judge had allowed an evidentiary hearing, and petitioner had proved conclusively the truth of every word of this averment, still, he would not have been entitled to have the judgment voided.

The petition in no way traverses the written plea of guilty, signed by petitioner. By that plea, to which we have referred, defendant stated that he had been fully advised by the court of the crimes charged against him, the punishment which could be meted out if he were to be found guilty, and of his constitutional rights therein.

The petitioner also stated in that plea that his attorney had fully informed him of all of his rights, and that after full explanation of those rights, he wanted, voluntarily, to enter a plea of guilty, and that his attorney had agreed that that might be done.

As we have said, there being nothing in the petition to traverse these statements, the trial judge had the right, as does this Court, to read all this as part of the record to determine whether an evidentiary hearing was required, and when this is done, we must concur in the trial judge's conclusion that such was not. *McCord and Anglin v. Henderson, Warden,* supra.

The assignments of error are overruled, and the judgment of the trial court is affirmed. The Court wishes to thank William E. Higgins for his capable representation of petitioner under court appointment.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN, and CRESON, JUSTICES, concur.