**William Hugh GRAY, Petitioner,**

v.

**C. Murray HENDERSON, Warden Tennessee State Penitentiary, Respondent.**

**No. 18388.**

United States Court of Appeals
Sixth Circuit.

Nov. 7, 1968.

Certiorari Denied April 1, 1969.
See 89 S.Ct. 1284.

William Hugh Gray, in pro. per.

James C. Dale, III, Special Counsel of Tennessee, Nashville, Tenn., David W. McMackin, Asst. Atty. Gen. of Tennessee, for appellee on the brief; George F. McCanless, Atty. Gen. and Reporter of Tennessee, Nashville, Tenn., of counsel.

Before EDWARDS, McCREE and COMBS, Circuit Judges.

PER CURIAM.

Petitioner appeals from the denial of a federal writ of habeas corpus under 28 U.S.C. § 2254 (Supp. II, 1965–66). He had pled guilty in a Tennessee state court to a charge of rape and to a number of other state criminal offenses. All of his other sentences were made to run concurrently with the 70-year rape sentence which he attacks here.

His federal constitutional claims appear to be that he was denied effective assistance of counsel, and that his guilty plea was coerced.

The District Judge held a full evidentiary hearing on these issues. Gray and the two lawyers who had represented him testified.

The District Judge found that Gray had been represented by counsel at all "critical" times. See Kimbro v. Heer, 364 F.2d 116 (6th Cir. 1966), vacated and remanded on other grounds, 386 U.S. 128, 87 S.Ct. 902, 17 L.Ed.2d 778 (1967). The District Judge also found that the allegation of ineffective assistance of counsel was not established.

He also found from the testimony that no federal constitutional violations occurred during the interrogation of Gray.

■■ We have reviewed this record and we find no grounds for reversal.

■■ Petitioner also complains that he was sentenced by the state judge after a summary of the evidence had been stated to the jury by the District Attorney in his presence and in the presence of his lawyer, without any actual testimony being taken. This procedure has recently been held by the Tennessee State Supreme Court not to be violative of T.C.A. § 40–2310. State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635 (1967). Where, as here, this procedure followed an agreement between accused and his counsel and the District Attorney as to the sentence to be imposed, we agree with the District Judge that no federal constitutional issue is presented thereby.

Affirmed.