# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 11, 2005

## BILLY JAMES MATTHEWS v. WARDEN GLENN TURNER

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9721     Jon K. Blackwood, Judge**

---

**No. W2004-01547-CCA-R3-HC  - Filed April 26, 2005**

---

The petitioner appeals the trial court's denial of his petition for habeas corpus relief.  Upon our review, we conclude that the petitioner has failed to allege any ground that would render the judgment void.  Therefore, we affirm the judgment of the lower court pursuant to Tennessee Court of Criminal Appeals Rule 20.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

Billy James Matthews, Whiteville, Tennessee, *Pro Se.*

Paul G. Summers, Attorney General and Reporter; Richard H. Dunavant, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On September 30, 2002, the petitioner, Billy James Matthews, was indicted on one count of aggravated robbery (a Class B felony) and one count of aggravated rape (a Class A felony).  He ultimately pled guilty to the reduced charges of robbery (a Class C felony) and rape (a Class B felony). Judgments reflecting the dispositions were entered on February 4, 2004.  The petitioner was sentenced as a Range I, violent offender on the rape conviction and received a ten-year sentence. He was sentenced as a Range I, standard offender on the robbery conviction and received a six-year sentence.  The sentences were ordered concurrently for a total effective sentence of ten years.

On June 8, 2004, the petitioner filed a *pro se* petition for writ of habeas corpus alleging,

(1) that the prosecution commenced outside the applicable statute of limitations, pursuant to Tennessee Code Annotated section 40-2-101(a) and (d), and that the State failed to allege any facts which would toll the statute of limitations;

(2)	that trial counsel rendered ineffective assistance for failure to raise the statute of limitations as a defense; and

(3)	that DNA and other medical evidence showed that the victim had not had sexual intercourse.

The trial court summarily denied the petition on June 9, 2004. On appeal, the petitioner contends that: (1) the sentencing court was without jurisdiction because the prosecution commenced outside the statute of limitations; (2) the time-barred prosecution resulted in various constitutional violations, including ineffective assistance of counsel; and (3) the trial court erred in summarily dismissing the petition without appointment of counsel.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Further, Tennessee Code Annotated sections 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments that are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) the defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

By contrast, a voidable conviction or sentence is one that is facially valid, thus requiring proof beyond the face of the record or judgment to establish its invalidity. Taylor, 995 S.W.2d at 83. The burden of proving that the judgment or sentence is void, rather than voidable, rests with the petitioner. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). "To establish that the judgment is void, the petitioner must prove that a jurisdictional defect appears in the record of the original trial." Dixon v. Holland, 70 S.W.3d 33, 36 (Tenn. 2002).

The petitioner first asserts that the sentencing court was without jurisdiction because the prosecution commenced outside the applicable statute of limitations. However, statutes of limitation are not jurisdictional, but are waivable by the defendant. State v. Pearson, 858 S.W.2d 879, 887 (Tenn. 1993). As such, proof beyond the face of the record would be needed to establish the absence of a waiver. Therefore, because the claim, even if true, would render the conviction merely voidable, this is not a proper claim for habeas relief.

Next, the petitioner alleges various constitutional violations, including a violation of his right to a speedy trial, ineffective assistance of counsel, and due process violations stemming from "pre-trial delay." We conclude that these claims also require proof beyond the face of the record; therefore, the judgment is facially valid. The proper vehicle for attacking a facially valid judgment based on constitutional violations is through a petition for post-conviction relief, not a habeas corpus petition. Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). Moreover, a claim of ineffective assistance of counsel can only be raised in petition for post-conviction relief. See Michael S. Neely v. Ricky Bell, Warden, No. M2004-01012-CCA-R3-HC, 2005 Tenn. Crim. App. LEXIS 41 (Tenn. Crim. App., at Nashville, Jan. 20, 2005) (citing Passerella v. State, 891 S.W.2d

619, 627 (Tenn. Crim. App. 1994)). Therefore, none of these claims are cognizable in a petition for habeas corpus relief.

Finally, the petitioner contends that the trial court erred in summarily dismissing his petition without appointment of counsel. While there is no federal or state constitutional right to appointment of counsel in a habeas corpus proceeding, the trial court has a duty to appoint counsel "if necessary." See Tomlinson v. State, No. M2001-02152-CCA-R3-CO, 2002 Tenn. Crim. App. LEXIS 549 (Tenn. Crim. App., at Nashville, June 28, 2002) (citing Coleman v. Thompson, 501 U.S. 722, 755, 111 S. Ct. 2546 (1991)); Tenn. Code Ann. § 40-14-204 (2004)).

If the petitioner's judgments are facially valid and not void, the trial court may properly dismiss a petition for writ of habeas corpus without appointing counsel and without holding an evidentiary hearing. State v. Nelson, No. M2003-01525-CCA-R3-CO, 2003 Tenn. Crim. App. LEXIS 1101, at *6 (Tenn. Crim. App., at Nashville, Dec. 30, 2003). See also State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636-37 (Tenn. 1967), which provides that a habeas corpus petition may be dismissed without a hearing and without the appointment of counsel if the petition fails to allege facts that would justify relief. In the present case, the trial court's actions were justified because the petitioner did not allege any facts that justified habeas corpus relief.

Therefore, we hold that the petitioner's claims are without merit and affirm the trial court's summary denial of habeas relief in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

JOHN EVERETT WILLIAMS, JUDGE