IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 27, 2010 at Knoxville

**PHEDREK T. DAVIS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2003-D-2992      Seth Norman, Judge**

_____

**No. M2009-02310-CCA-R3-CO - Filed August 19, 2010**

_____

The petitioner, Phedrek T. Davis, appeals from the dismissal of his petition for writ of error coram nobis. In this appeal, he contends that the coram nobis court erred by summarily denying his petition. Discerning no error, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Phedrek T. Davis, Only, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; and Victor S. Johnson, III, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On August 31, 2005, a Davidson County jury convicted the defendant of one count of assault, one count of premeditated first degree murder, and one count of attempted second degree murder. The defendant's convictions were upheld by this court, _State v. Phedrek T. Davis_, No. M2006-00198-CCA-R3-CD (Tenn. Crim. App., Nashville, July 19, 2007) (_Davis I_), and our supreme court, _State v. Davis_, 266 S.W.3d 896 (Tenn. 2008) (_Davis II_). The petitioner filed an unsuccessful petition for post-conviction relief, and the post-conviction court's denial of relief was upheld by this court on appeal. _Phedrek T. Davis v. State_, No. M2009-01616-CCA-R3-PC (Tenn. Crim. App., Knoxville, May 14, 2010) (_Davis III_).

The petitioner filed a petition for writ of error coram nobis on October 5, 2009, in which he claimed that he had discovered new evidence that would have affected the jury's convictions. Specifically, he argued that newly discovered evidence proved that the victim of the attempted second degree murder, also one of the State's key witnesses, committed perjury during his testimony against the petitioner. The petitioner also claimed that due process required the tolling of the statute of limitations. The coram nobis court summarily denied the petition, and the petitioner filed a timely notice of appeal.

The central issue of the petitioner's petition for writ of error coram nobis was essentially brought before this court during his post conviction appeal:

> The Petitioner centers his claim . . . around the testimony of Eula Beasley. At the trial, Mr. Beasley testified to seeing the Petitioner threaten and strike the victim shortly before the victim's murder. However, Mr. Beasley did not testify that the Petitioner threatened to kill the victim until the State refreshed Mr. Beasley's recollection with his statement to the police. When asked about the statement, Mr. Beasley testified that he had initialed the statement after confirming its accuracy. Notably, the police officer who recorded the statement, Detective E.J. Bernard, faced public allegations of forging police reports at the time of the trial.
>
> The Petitioner alleged in his petition that Mr. Beasley committed perjury by testifying that he initialed his statement to the police. The Petitioner claims that Detective Bernard, instead, was the true author of the "EB" (Eula Beasley) on the police report. To support his claim, the Petitioner attached a recent report from a handwriting expert. The report states that Detective Bernard more likely than not authored Eula Beasley's initials on the police report.

*Davis III*, slip op. at 1-2.

In the coram nobis proceeding, the petitioner argued that, because he did not receive the police reports from which Mr. Beasley refreshed his memory until after trial and because he did not receive the handwriting expert's report until June 3, 2009, the discovery that the "EB" was not Mr. Beasley's initials amounted to new evidence. The coram nobis court disagreed, stating that the evidence presented by the petitioner was not "newly discovered" noting that the statement containing the initials had been presented at trial and

-2-

litigated at trial and on appeal.

On appeal, the petitioner argues that, had he been permitted an evidentiary hearing, he would have shown that Detective Bernard's testimony would have proved that Mr. Beasley perjured himself at trial and that "this information would have substantially changed the weight of Mr. Beasley's testimony as seen by the trier of the fact." The State argues that the petitioner's claims are barred because he filed his petition outside the statute of limitations. The State also argues that the petition contains no "newly discovered" evidence that would have affected the outcome of the trial and that the petitioner failed to show that he was without fault in failing to present the evidence at trial.

First, we note that in criminal cases, the statute of limitations for a petition seeking a writ of error coram nobis is one year. *See* T.C.A. § 27-7-103 (2000); *see also State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999) (holding that " a petition for writ of error coram nobis must be dismissed as untimely unless it is filed within one year of the date on which the judgment of conviction became final in the trial court" without regard to the "conclusion of the appeal as of right proceedings"). However, we also note that, in coram nobis cases, the statute of limitations is an affirmative defense that must be raised by the State in the trial court. *See Harris v. State*, 102 S.W.3d 587, 593 (Tenn. 2003) (citing *Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995)). The coram nobis court in denying the petition did not rule whether principles of due process overrode the statute of limitations. *See Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001) (stating that the principles of due process of law may preclude the use of the statute of limitations to bar a claim in coram nobis). Rather, the court determined that the petitioner's claim was not appropriate for coram nobis relief. Because the State did not raise the statute of limitations in the trial court and because the coram nobis court did not address the statute of limitations in its final order, we also will not address the timeliness of the petition but will consider the merits of the petitioner's issues on appeal.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *Mixon*, 983 S.W.2d at 672 (citation omitted).

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

T.C.A. § 40-26-105(b); *see State v. Vasques*, 221 S.W.3d 514, 525 (Tenn. 2007). Our

supreme court has established the procedure for considering a coram nobis claim:

> [I]n a coram nobis proceeding, the trial judge must first consider the newly discovered evidence and be "reasonably well satisfied" with its veracity. If the defendant is "without fault" in the sense that the exercise of reasonable diligence would not have led to a timely discovery of the new information, the trial judge must then consider both the evidence at trial and that offered at the coram nobis proceeding in order to determine whether the new evidence may have led to a different result. [The court then determines] "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different."

*Vasques*, 221 S.W.3d at 527. However, "[s]imilar to habeas corpus hearings, coram nobis evidentiary hearings are not mandated by statute in every case." *Richard Hale Austin v. State*, No. W2005-02591-CCA-R3-CO, slip op. at 6 (Tenn. Crim. App., Jackson, Dec. 13, 2006). A petition of either type "'may be dismissed without a hearing, and without the appointment of counsel for a hearing'" if the petition does not allege facts showing that the petitioner is entitled to relief. *Id.* (quoting *State ex rel. Edmondson v. Henderson*, 421 S.W.2d 635, 636 (Tenn. 1967)).

The decision to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the trial court. T.C.A. § 40-26-105; *State v. Hart*, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995). To be successful on a petition for a writ of error coram nobis, "the standard to be applied is whether the new evidence, if presented to the jury, may have resulted in a different outcome." *Vasques*, 221 S.W.3d at 526.

In the instant case, the coram nobis court stated that "[t]he evidence presented . . . here is not necessarily 'newly discovered;' the statement containing the initials was presented at trial." The coram nobis court further noted that the issue was raised in the petitioner's motion for new trial and on appeal. We agree that the evidence presented by the petitioner is not "new" evidence. By the petitioner's own admission, he obtained the document containing the initials at trial. Petitioner certainly had an opportunity to cross-examine Mr. Beasley about whether he initialed the statement but apparently did not. Further, the statement at issue was an oral statement given to law enforcement officers by Mr. Beasley and memorialized by Detective Bernard. Whether Mr. Beasley incorrectly identified the initials, he never altered his account of what happened. The purportedly "new" evidence from the petitioner does not change these circumstances, and the coram nobis court did not abuse its discretion in ruling that the petition should be dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE