IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1999 SESSION

FILED

October 5, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JAMES K. ROBBINS, | ) | |
| | ) | |
| Appellant, | ) | No. 03C01-9903-CR-00095 |
| | ) | |
| | ) | Morgan County |
| v. | ) | |
| | ) | Honorable E. Eugene Eblen, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Habeas corpus, aggravated rape |
| | | and aggravated assault) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

James K. Robbins, Pro Se
TDOC# 114297
B.M.C.C.
Post Office Box 2000
Wartburg, TN 37887-2000

For the Appellee:

Paul G. Summers
Attorney General of Tennessee
            and
Elizabeth B. Marney
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243

J. Scott McCluen
District Attorney General
Post Office Box 703
Kingston, TN 37763-0703

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, James K. Robbins, appeals as of right from the judgment of the Morgan County Criminal Court denying him habeas corpus relief from his 1988 convictions for four counts of aggravated rape and one count of aggravated assault relative to his stepdaughter and from his resulting effective sentence of forty years as a Range II offender in the custody of the Department of Correction. The trial court dismissed his petition for a writ of habeas corpus[1] without appointing him counsel or conducting a hearing because it concluded that the petition failed to state grounds for relief. In this appeal, the petitioner contends that the trial court erred (1) by holding that no claim for relief was alleged and (2) by refusing to appoint counsel and to provide a hearing. We affirm the trial court.

The petitioner asserts six claims for relief: (1) that the indictment was invalid for multiplicity and violated his right against double jeopardy, (2) that the evidence was insufficient to convict him, (3) that his convictions resulted from prosecutorial misconduct, (4) that the trial court improperly instructed the jury on reasonable doubt and gave no instructions on lesser included offenses, (5) that the Range II sentences are illegal because the petitioner had no prior criminal history and the offenses included the factors necessary for enhancement, and (6) that he received the ineffective assistance of counsel. The state responds that even if the petitioner's challenges to his convictions had merit, this would lead to voidable, not void, judgments, which are not justiciable in a habeas corpus action. See Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

---

[1] We note that the petitioner has previously filed for both post-conviction relief and habeas corpus relief. See James K. Robbins v. State, No. 03A01-9012-CR-00064, Scott County (Tenn. Crim. App. June 19, 1991), app. denied (Tenn. Nov. 12, 1991); James K. Robbins v. State, No. 03C01-9703-CC-00108, Bledsoe County (Tenn. Crim. App. May 20, 1998).

We essentially agree with the state. Moreover, we note that in the direct appeal, this court concluded that the evidence was sufficient, delineating the four separate acts of aggravated rape and one act of aggravated assault. State v. James K. Robbins and Dolly Robbins, No. 57, Scott County (Tenn. Crim. App. Dec. 13, 1988), app. denied (Tenn. Apr. 3, 1989). These findings necessarily foreclose any concern about the sufficiency of the evidence, the sufficiency of the indictment, and the petitioner being convicted twice for the same crime. Also, the petitioner's Range II sentences for the aggravated rapes stem from the fact that his victim was less than thirteen years old. See Tenn. Code Ann. § 40-35-107(5) (1988 Supp.) (repealed 1989). In any event, the petitioner has failed to assert any claim that would show that his convictions are void or that his sentences have expired, either being a necessary prerequisite to a grant of relief. See Passarella, 891 S.W.2d at 627.

As for the petitioner's complaint that the trial court did not appoint him counsel and conduct a hearing, the petitioner's failure to state a claim for relief justifies the trial court's actions. Absent an allegation showing a fatal jurisdictional fault, a trial court need not appoint an attorney, and a petition for a writ of habeas corpus may be dismissed without a hearing. See State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 609, 421 S.W.2d 635, 636-37 (1967).

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

3

CONCUR:

_____
John Everett Williams, Judge


_____
Alan E. Glenn, Judge