# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## FEBRUARY 1998 SESSION

RONALD WILLIAMS RICE,      )

          Appellant,     )

vs.          )

CHARLES JONES, WARDEN,     )

          Appellee.     )

)  No. 03C01-9707-CR-00276

)

)  Morgan County

)

)  Honorable E. Eugene Eblen,

)  Judge

)

)  (Habeas Corpus)

FILED

September 9, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

FOR THE APPELLANT:

PRO SE

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

TIMOTHY F. BEHAN
Assistant Attorney General
Cordell Hull Bldg., Second Floor
425 Fifth Avenue, North
Nashville, TN 37243-0493

CHARLES E. HAWK, JR.
District Attorney General

FRANK HARVEY
Assistant District Attorney
P. O. BOX 703
Kingston, TN 37763

OPINION FILED:_____

AFFIRMED

WILLIAM B. ACREE, JR.
SPECIAL JUDGE

OPINION

The appellant, Ronald Williams Rice, appeals as of right the trial court's dismissal of his petition for a writ of habeas corpus. We affirm the trial court.

In 1992, the appellant entered a plea of guilty to a criminal information charging him with aggravated rape which was committed in 1983. He was sentenced to fifteen years as a Range 1 standard offender. He filed a petition for post-conviction relief in 1993, but voluntarily dismissed the petition the same year.

The first issue presented for review is that the indictments did not allege a culpable mental state and is therefore invalid. The appellant relies upon this Court's decision in State v. Roger Dale Hill, (No. 01C01-9508-CC-00267 (Tenn.Crim.App.), filed June 20, 1996, at Nashville).

The criminal information against petitioner reads as follows:

"Joseph D. Baugh, being the duly elected District Attorney General for Williamson County, Tennessee, acting under the authority of Section 40-3-103, Tennessee Code Annotatated, in April of 1992 before the finding of this presentment, present that Ronald W. Rice, heretofore, to wit, in February of 1983, before the finding of this presentment, in said County and State unlawfully and feloniously did engage in unlawful sexual penetration of a male child whose date of birth is January 15, 1971, being a child under the age of thirteen years, in violation of Tennessee Code Annotated, Section 39-13-502."

The appellant's reliance upon this case is misplaced. This decision was reversed by the Supreme Court in State v. Hill, 954 S.W.2d 725 (Tenn. 1997).[1]

_____

[1]Before the Supreme Court's reversal of Hill, this issue was addressed by this Court several times. See Hatton v. State, (No. 02C01-9611-CC-00407, Tenn.Crim.App., filed February 19, 1997, at Jackson; Smith v. Compton (No. 02C01-9701-CC-00018, Tenn.Crim.App., filed April 3, 1997, at Jackson; Gooch v. Compton (No. 02C01-9612-CC-00465, Tenn.Crim.App., filed March 13, 1997, at Jackson; Smith v. Hessing, (No. 02C01-9708-CC-00311, filed December 11, 1997, at Jackson; Nowell v. Compton (No. 02C01-9612-CC-00464, Tenn.Crim.App., filed April 9, 1997, at Jackson. In these cases, we held that the petitioners could not rely upon Hill because (1) the sufficiency of an indictment cannot be tested in a habeas corpus proceeding, (2) Hill applies to crimes committed after the 1989 amendments to the criminal code, and (3) if Hill did apply, the indictments in these cases were sufficient under the law existing at the time. The facts in Nowell v. Compton are similar to the facts herein. We held:

"The indictments at issue before us charged that the petitioner "did unlawfully and feloniously sexually penetrate [the victim, a person] less than thirteen (13) years of age" and "did unlawfully and feloniously have sexual contact with [the victims, persons] less

The appellant also contends that he is entitled to relief because the trial court erred in dismissing his petition without a hearing and erred in failing to appoint counsel. These issues are without merit.

An evidentiary hearing is not necessary when the petition does not allege facts which would establish relief. Passarella v. State, 891 S.W.2d 619, 627 (Tenn.Crim.App. 1994), State v. Henderson, 421 S.W.2d. 635, 636-37, (Tenn. 1967). Furthermore, it is not necessary to appoint counsel unless the petition alleges facts showing the denial of state or federal constitutional rights or some fatal jurisdictional fault. Henderson, 421 S.W.2d at 636-37.

The dismissal of the petition for writ of habeas corpus is affirmed.

_____
WILLIAM B. ACREE, JR., SPECIAL JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
THOMAS T. WOODALL, JUDGE

_____

than thirteen (13) years of age." This language was sufficient under the law as it existed at the time. As noted above, the Criminal Code did not contain a provision similar to § 39-11-301 © (1989). The statutory requirements for an indictment were found in § 40-1802 (now § 40-13-202 (1990)), which provided simply that:

The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Furthermore, in Campbell v. State, 491 S.W.2d 359, 361 (Tenn. 1973) (emphasis supplied), while addressing the sufficiency of an indictment charging the offense of murder, our Supreme Court stated the following:

While it seems clear that the indictment in Witt was insufficient in that it failed to charge an element, that the murder was committed unlawfully, in either the language of the statute or common law or words of equivalent import, the decision is confusing because of the language, 'fatally defective in omitting the charge that the offense was committed feloniously, or with malice aforethought; and containing no words of equivalent import.' It is clear, however, that had the indictment used the words 'feloniously' or 'unlawfully', it would have been sufficient.

We agree with this proposition. By containing the words found in the language of the statute, the indictments at issue here sufficiently apprised the appellant of the offense charged under the law at the time, and is therefore valid. Thus, the petitioner's attack must fail."