IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 22, 2011

## RODNEY CORLEY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 84-S-1103      Seth Norman, Judge**

_____

**No. M2010-01758-CCA-R3-CO - Filed July 7, 2011**

_____

The Petitioner, Rodney Corley, was convicted in 1985 of first degree murder, armed robbery, and employing a firearm in the commission of a felony, and he was sentenced to life plus five years. In 2010, the Petitioner filed a petition for a writ of error coram nobis, in which he alleged the existence of newly discovered evidence, and the trial court dismissed the petition without a hearing. On appeal, the Petitioner contends that the coram nobis court erred when it denied his petition without a hearing. After a thorough review of the record and relevant authorities, we affirm the coram nobis court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and CAMILLE R. MCMULLEN, J., joined.

Rodney Corley, Pro se, Henning, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Dan Hamm, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**
**I. Facts**
**A. Background**

This case arises from the Petitioner and a co-defendant participating in a fatal shooting during the commission of an armed robbery. In the opinion on the Petitioner's direct appeal, this Court stated that the Petitioner's fingerprints were found at the scene of the crime, that he gave a statement implicating himself in the crimes, and that he testified about his

complicity in the crimes. *See State v. Rodney Corley*, No. 86-68-III, 1986 WL 12475, at *1-2 (Tenn. Crim. App., at Nashville, Nov. 7, 1986). His convictions and sentence were affirmed on direct appeal. *Id.* Similarly, a petition for post-conviction relief filed by the petitioner was denied and its denial was affirmed on appeal. *State v. Rodney Corley*, No. 01C01-9608-CR-00336, 1997 WL 535315 (Tenn. Crim. App., at Nashville, Sept. 2, 1997), *no Tenn. R. App. P. 11 application filed*.

On March 25, 2010, the Petitioner filed a petition for a writ of error coram nobis relief. In his petition, the Petitioner alleged the existence of newly discovered evidence in the form of his co-defendant's admission at the co-defendant's January 2010 parole hearing that the co-defendant, rather than the Petitioner, fatally shot the victim during the robbery in this case. The Petitioner asserted that, had the jury heard the statement of his co-defendant it "more likely than not" would not have convicted him of first degree murder. He claimed that he was not at fault for failing to present his co-defendant's admission at trial because he objected to the exclusion of a detective's testimony that, in the detective's opinion, co-defendant Carpenter was the trigger-man in this case. The petition includes an affidavit filed by co-defendant Carpenter in which he attests to having shot the victim in this case and to having admitted this role at his parole hearing on January 14, 2010.

Without holding an evidentiary hearing, the coram nobis court issued an order denying the Petitioner's petition for coram nobis relief. In its order, the coram nobis court concluded that the evidence the Petitioner attempted to present at trial was already in existence at the time of trial. The coram nobis court based its conclusion on its finding that at trial the Petitioner failed to present the testimony of an informant who would have testified that the co-defendant was the "trigger-man." The coram nobis court stated that the Petitioner withdrew his request to call the informant as a witness "because of potentially damaging testimony [the informant] might offer regarding the Petitioner's brutal assault of the [v]ictim." The coram nobis court concluded that, because the Petitioner did not present the informant's testimony at trial, he was at fault for not introducing the substance of the evidence he now alleged as "newly discovered" and was not eligible for coram nobis relief.

The coram nobis court further reasoned that, even were the evidence "newly discovered," the evidence would not have changed the jury's verdict because a defendant need only be present and cooperate in the commission of a felony resulting in a killing in order to be convicted of felony murder. The coram nobis court denied the Petitioner's request for coram nobis relief. It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends the coram nobis court erred when it: (1) refused

to grant him an evidentiary hearing; and (2) concluded that his co-defendant's admission did not entitle him to coram nobis relief. The State responds that the coram nobis court properly refused an evidentiary hearing because the Petitioner's petition failed to set forth the threshold requirements for coram nobis relief. It argues that, because the Petitioner already testified at his trial that his co-defendant was the trigger-man in this case, the co-defendant's admission does not constitute "newly discovered evidence." The State also contends that the coram nobis court's denial of relief was proper because co-defendant Carpenter's admission did not constitute newly discovered evidence and because the admission would not have changed the jury's verdict.

A writ of error coram nobis is available to a defendant in a criminal prosecution. T.C.A. § 40-26-105(a) (2009). The decision to grant or to deny a petition for the writ of error coram nobis on its merits rests within the sound discretion of the trial court. *State v. Ricky Harris*, 301 S.W.3d 141, 144 (Tenn. 2010) (hereinafter "*Harris II*") (citing *State v. Vasques*, 221 S.W.3d 514, 527-28 (Tenn. 2007)). Tennessee Code Annotated section 40-26-105(b) provides, in pertinent part:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999); *State v. Workman*, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002). As previously noted by our Court, "the purpose of this remedy 'is to bring to the attention of the [trial] court some fact unknown to the court, which if known would have resulted in a different judgment.'" *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting *State ex rel. Carlson v. State*, 407 S.W.2d 165, 167 (Tenn. 1996)).

To establish that he is entitled to a new trial, the Petitioner must show: (a) the grounds and the nature of the newly discovered evidence, (b) why the admissibility of the newly discovered evidence may have resulted in a different judgment if the evidence had been admitted at the previous trial, (c) that the Petitioner was without fault in failing to present the newly discovered evidence at the appropriate time, and (d) the relief sought. *Hart*, 911 S.W.2d at 374-75. Affidavits should be filed in support of the petition. *Id*. at 375.

The grounds for seeking a petition for writ of error coram nobis are not

limited to specific categories, as are the grounds for reopening a post-conviction petition. Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner also establishes that the petitioner was "without fault" in failing to present the evidence at the proper time. Coram nobis claims therefore are singularly fact-intensive. Unlike motions to reopen, coram nobis claims are not easily resolved on the face of the petition and often require a hearing.

*Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003) (hereinafter "*Harris I*"). Similar to habeas corpus hearings, coram nobis evidentiary hearings are not mandated by statute in every case." *Richard Hale Austin v. State*, No. W2005-02591-CCA-R3-CO, 2006 WL 3626332, *6 (Tenn. Crim. App., Jackson, Dec. 13, 2006), *no Tenn. R. App. P. 11 application filed*. A petition of either type "'may be dismissed without a hearing, and without the appointment of counsel for a hearing'" if the petition does not allege facts showing that the petitioner is entitled to relief. *Id*. (quoting *State ex rel. Edmondson v. Henderson*, 421 S.W.2d 635, 636 (Tenn.1967)).

First, we address the Petitioner's claim that the coram nobis court improperly dismissed his petition without first conducting an evidentiary hearing. Were the Petitioner to have claimed the existence of material that qualified as "newly discovered evidence" that would have changed the outcome of his trial, he would have had an evidentiary hearing in order to establish that the evidence existed as he claimed. *See Austin*, 2006 WL 3626332, at *6. As we explain below, however, the allegations contained within the petition in this case fall short of establishing that the evidence was either newly discovered or that it would have changed the outcome of his trial. Because the Petitioner failed to allege facts showing he was entitled to relief, the coram nobis court properly declined to provide the Petitioner with an evidentiary hearing. *See id*.

The Petitioner claims that his co-defendant's admission that he was the trigger-man in this case constitutes "newly discovered evidence" within the meaning of the Tennessee Code provisions regarding coram nobis relief. The State argues Carpenter's admission is not "newly discovered" in the sense that evidence of Carpenter being the trigger-man was presented at trial in the form of the Petitioner's testimony that Carpenter was the trigger-man. In our view, the Petitioner's trial testimony and Carpenter's admission are distinct items of evidence that the Petitioner did not shoot the victim. The fact that each could be introduced to prove the same proposition, however, does not render them the same evidence for purposes of determining whether evidence is "newly discovered." Carpenter's admission is a separate piece of evidence of which the Petitioner came into possession only after his trial. In this sense, Carpenter's admission is an item of newly discovered evidence. However, for reasons explained below, the admission, though newly discovered, does not require a new

-4-

trial in this case.

Carpenter's admission cannot serve as a basis for coram nobis relief because it would not have affected the outcome of his trial. The Petitioner and co-defendant Carpenter were convicted of first degree murder for their participation in the felony robbery that resulted in the victim's death. In this case, neither the Petitioner nor his co-defendant specifically admitted to being the shooter, but each issued confessions admitting to his participation in the commission of the robbery during which the victim was fatally shot.

As the coram nobis court discussed, the mere "presence, companionship, and conduct before and after the offense" are circumstances that may support a defendant's conviction for felony murder. *State v. McBee*, 644 S.W.2d 425, 428-29 (Tenn. Crim. App. 1982). "When one enters into a scheme with another to commit one of the felonies enumerated [in the felony murder statute] and death ensues, both defendants are responsible for the death, regardless of who actually committed the murder and whether the killing was specifically contemplated by the other." *State v. Brown*, 756 S.W.2d 700, 704 (Tenn. Crim. App. 1988). Given that a conviction for felony murder requires only participation in the felony and not a direct role in the killing of the victim, a defendant need not be the "trigger-man" in order to be convicted of felony murder. *Id*.

Based on the evidence introduced at the Petitioner's trial, including his own admission that he participated in the robbery during which the victim was killed, the jury concluded that the Petitioner was sufficiently involved in the robbery and found him guilty of first degree felony murder. Given the strength of the convicting evidence and the inconsequentiality of co-defendant Carpenter's admission to being the trigger-man in the killing, even had the jury heard Carpenter's admission, overwhelming evidence remained in the record to establish the Petitioner's culpability for felony murder beyond a reasonable doubt based upon his admitted participation in the armed robbery leading to the victim's death. *See Brown*, 756 S.W.2d at 704. Thus, the co-defendant's admission would not have resulted in a different judgment if the evidence had been admitted at the Petitioner's trial. *See Hart*, 911 S.W.2d at 374-75. As such, the coram nobis court did not abuse its discretion when it denied the Petitioner's claim for coram nobis relief. *See Harris*, 301 S.W.3d at 144. The Petitioner is not entitled to relief on this issue.

### III. Conclusion

After a thorough review of the record and the applicable law, we conclude the Petitioner is not entitled to relief pursuant to a writ of error coram nobis. As such, we affirm the coram nobis court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE