IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 18, 2011

## JOE CLARK MITCHELL v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court of Maury County**
**No. 311-12 et al.     Robert L. Holloway, Jr., Judge**

No. M2011-00688-CCA-R3-CO - Filed December 20, 2011

The Petitioner, Joe Clark Mitchell, was convicted in 1986 of multiple offenses following a violent crime spree against two women. On March 8, 2011, the Petitioner filed a *pro se* writ of error coram nobis alleging the existence of newly discovered evidence. Specifically, the Petitioner alleged that, in 2010, his trial judge was "found guilty of illegally expunging" the criminal records of convicted felons in exchange for a fee. The Petitioner also alleged that because he "did not have sufficient funds to pay for a legal sentence," he received a sentence that was "illegal and void." Lastly, the Petitioner alleged that his trial judge improperly sentenced him as a persistent offender. Without holding an evidentiary hearing, the coram nobis court summarily dismissed the petition. On appeal, the Petitioner argues that the coram nobis court erred by dismissing his petition without a hearing. After a careful review of the record, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Joe Clark Mitchell, Only, Tennessee, appellant *pro se*.

Robert E. Cooper, Jr., Attorney General & Reporter; Lacy E. Wilber, Assistant Attorney General; T. Michael Bottoms, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual & Procedural Background**

The Petitioner was convicted by a jury in 1986 of two counts of aggravated assault, two counts of armed robbery, two counts of aggravated kidnapping, one count of arson, one count of first degree burglary, and two counts of aggravated rape. State v. Joe Clark Mitchell, No. 87-152-III, 1988 WL 32362, at *1 (Tenn. Crim. App. Apr. 7, 1988), perm. app. denied, (Tenn. June 27, 1988). As this Court detailed in its prior opinion on direct appeal:

All of defendant's convictions arose out of a single crime spree during which two women, one quite elderly, were terrorized for several hours. One of the victims testified that as she was leaving her friend's house, a man started towards her across the lawn. He hit her several times with a large stick, and he was armed with a gun and a hunting knife. He forced both women into the house, used duct tape to tape their ankles, arms, mouths, and eyes. He stole their jewelry and ransacked the house. He used a knife to cut the clothes off the testifying witness and raped her. Then he set fire to the house. He carried both women to a car, drove around for several hours, stopping at one point to rape the witness one more time. He eventually abandoned the car and the women, and they were able to free themselves and walk for help.

Id.

On direct appeal, this Court affirmed the trial court's judgment in all respects except that one of the aggravated rape counts was reduced to simple rape. Id. Our decision left the Petitioner with an effective sentence of three consecutive life sentences plus thirteen years. Id.

The Petitioner sought post-conviction relief. Both the trial court and this Court denied post-conviction relief. See Joe Clark Mitchell v. State, No. 01-C-01-9007-CC-00158, 1991 WL 1351 (Tenn. Crim. App. Jan. 11, 1991), perm. app. denied, (Tenn. Apr. 15, 1991). The Petitioner since has filed multiple writs of habeas corpus, which have each been denied. The Petitioner's lengthy procedural history in the appellate courts of this State was set out in detail in this Court's prior opinion following the dismissal of his most recent writ of habeas corpus. Joe Clark Mitchell v. Fortner, No. M2010-00269-CCA-R3-HC, 2010 WL 3516166, at *1-3 (Tenn. Crim. App. Sept. 9, 2010), perm. app. denied, (Tenn. Feb. 16, 2011).

On March 8, 2011, the Petitioner filed the present writ of error coram nobis in which he raised three issues. First, the Petitioner alleged that newly discovered evidence had

surfaced that his trial judge had been found guilty of illegally expunging the criminal records of two convicted felons in exchange for a fee. Second, the Petitioner alleged that his trial judge did not follow the applicable law in rendering his sentence and that the Petitioner received his sentence only because he "did not have sufficient funds to pay for a legal sentence." Third, the Petitioner alleged that the trial judge "intentionally sentenced the [P]etitioner as a persistent offender in direct contravention of T.C.A. § 40-35-106(a)(1) (1982)."

In an affidavit in support of his petition, the Petitioner averred, in pertinent part, as follows:

> 3.) I now know that my Criminal Trial/Sentencing Judge . . . on or about October 13, 2010[,] was finally charged for illegally expunging/wiping the records clean for convicted-felons that *was* [*sic*] financially able to pay him under the table for his valuable services.

> 4.) I am competent to testify that prior to or/at the time of my trial and sentencing, that I was financially unable to pay [the trial judge] to wipe my record clean prior to sentencing so that I could be sentenced as a range I offender, unlike 'convicted felons' [name redacted] and [name redacted] to name a few!

> Nor was I able to pay [the trial judge] to sentence me within the bounds of Tennessee Statutory Law for which if called as a witness in the above captioned action I will testify to the same[.]

(Emphases in original).

The coram nobis court summarily dismissed the petition by order entered March 9, 2011. The order of dismissal was entered before the State filed its response.[1] Addressing the Petitioner's first issue, the coram nobis court reasoned that the two cases cited by the Petitioner in which his trial judge expunged certain felons' criminal records were not factually related to the Petitioner's case. The coram nobis court noted that both orders of expungement were signed over twenty years after the Petitioner was sentenced. Moreover, according to the coram nobis court, the only similarity between those cases and the Petitioner's was that the orders of expungement had been signed by the same trial judge who

---

[1]Thus, the State did not have an opportunity to raise the statute of limitations as an affirmative defense. Although the State raises the statute of limitations issue in its appellate brief, we will not address this issue because it was not raised before the trial court.

sentenced the Petitioner. Regarding the Petitioner's second and third issues, the coram nobis court concluded that the Petitioner failed to cite any "additional 'newly discovered evidence'" in support of these issues. The coram nobis court stated that it found "no allegation, claim or proof of any newly discovered evidence which could have had an influence in [the Petitioner's] case or which related to matters litigated at the trial." The court concluded that the petition "is totally and completely without any merit whatsoever and is frivolous."

The Petitioner timely appeals, asserting that the coram nobis court erred by dismissing his writ of error coram nobis without holding an evidentiary hearing.

## Analysis

A writ of error coram nobis is statutorily available to a defendant convicted in a criminal prosecution. Tenn. Code Ann. § 40-26-105(a) (Supp. 2010). The statute provides that:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Tenn. Code Ann. § 40-26-105(b) (Supp. 2010).

"The writ of error coram nobis is an extraordinary remedy known more for its denial than its approval." State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). The remedy is designed to fill "only a slight gap into which few cases fall." Id. at 672. Before granting relief, the trial court must be "reasonably well satisfied" with the veracity of the newly discovered evidence and determine that the defendant is "without fault" in timely discovering such evidence. State v. Vasques, 221 S.W.3d 514, 527 (Tenn. 2007). The trial court must then review the evidence presented at trial and at the coram nobis proceeding and determine "whether a reasonable basis exists for concluding that had the [new] evidence been presented at trial, the result of the proceedings might have been different." Id.

Our Supreme Court has recognized that "coram nobis claims are not easily resolved on the face of the petition and often require a hearing." Harris v. State, 102 S.W.3d 587, 593 (Tenn. 2003). However, an evidentiary hearing is not statutorily required in every case. See Alonzo Felix Andres Juan v. State, No. E2010-02147-CCA-R3-CD, 2011 WL 2693535, at

*6 (Tenn. Crim. App. July 12, 2011), <u>perm. app. denied</u>, (Tenn. Oct. 18, 2011) (citations omitted). This Court previously has explained that:

> Similar to habeas corpus hearings, coram nobis evidentiary hearings are not mandated by statute in every case as the petitioner argues. Specifically, a "habeas corpus petition may be dismissed without a hearing, and without the appointment of counsel for a hearing" if the petition does not allege facts showing that the petitioner is entitled to relief. <u>State ex rel. Edmondson v. Henderson</u>, 220 Tenn. 605, 421 S.W.2d 635, 636 (Tenn. 1967) (citing <u>State ex rel. Byrd v. Bomar</u>, 214 Tenn. 476, 381 S.W.2d 280 (Tenn. 1964)). Likewise, a coram nobis petition must state a claim for coram nobis relief and satisfy the threshold statutory requirements before the court holds an evidentiary hearing to determine whether the petitioner is entitled to coram nobis relief.

<u>Id.</u> (quoting <u>Richard Hale Austin v. State</u>, No. W2005–02591–CCA–R3–CO, 2006 WL 3626332, at *5 (Tenn. Crim. App., Jackson, Dec. 13, 2006)); <u>see also</u> <u>Harris v. State</u>, 301 S.W.3d 141, 153-54 (Tenn. 2010) (Koch, J., concurring).

The decision whether to grant or deny a petition for writ of error coram nobis lies within the discretionary authority of the trial court. <u>Vasques</u>, 221 S.W.3d at 527-28. Consequently, we review such a decision for an abuse of discretion. <u>State v. Workman</u>, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002). An appellate court will find an abuse of discretion "only when the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party." <u>State v. Banks</u>, 271 S.W.3d 90, 116 (Tenn. 2008) (citing <u>Konvalinka v. Chattanooga–Hamilton Cnty. Hosp. Auth.</u>, 249 S.W.3d 346, 358 (Tenn. 2008)).

After a thorough review of the record, we conclude that the coram nobis court did not abuse its discretion in denying the Petitioner's writ of error coram nobis without holding an evidentiary hearing. On its face, the Petitioner's writ of error coram nobis does not state a claim for relief. The Petitioner's claim that his trial judge expunged the criminal records of two other felons is simply not germane to his case. In the first place, this does not constitute newly discovered evidence because it is not evidence at all. The orders of expungement have absolutely no bearing on the Petitioner's guilt or innocence. They obviously do not relate to matters that were litigated at his trial. Moreover, nothing the Petitioner alleges, if proven true, would have resulted in a different judgment. The orders of expungement were entered over twenty years after the Petitioner was convicted and were entered in separate criminal proceedings against separate defendants whose cases were wholly unrelated to the Petitioner's.

We also agree with the coram nobis court that the Petitioner's second and third issues, which are both related to sentencing, do not allege the existence of newly discovered evidence. Consequently, the Petitioner is not entitled to relief on these issues. Accordingly, we affirm the judgment of the coram nobis court.

_____
JEFFREY S. BIVINS, JUDGE