# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### RONNIE LEE JOHNSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Putnam County**
**No. 07-0589    David A. Patterson, Judge**

———————————

**No. M2014-01198-CCA-R3-ECN - Filed November 4, 2014**

———————————

The Appellant, Ronnie Lee Johnson, appeals the trial court's summary denial of his petition for a writ of error coram nobis.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ROBERT L. HOLLOWAY, JR., JJ., joined.

Ronnie Lee Johnson, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General & Reporter; and Clark B. Thornton, Senior Counsel, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

In 2008, a Putnam County jury convicted the Defendant of possession of a controlled substance with intent to sell and simple possession.  The trial court sentenced the Petitioner to seventeen years in the Tennessee Department of Correction for the first count, to be served consecutively to eleven months, twenty-nine days for the second count.  *State v. Ronnie Lee Johnson*, No. M2008-02848-CCA-R3-CD, 2010 WL 565667 (Tenn. Crim. App., at Nashville, Feb. 18, 2010), *no perm. app. filed.*  In 2010, the Petitioner filed a petition for post conviction relief, which was denied; this Court affirmed the denial of post-conviction relief.  *Ronnie Lee Johnson v. State*, No. M2011-00881-CCA-R3-PC, 2012 WL 5377807 (Tenn. Crim. App., at Nashville, Oct. 29, 2012), *Tenn. R. App. P. 11 denied* (Tenn. March 5, 2013).  The Petitioner subsequently filed a petition for writ of habeas corpus in the United States District Court, Middle District of Tennessee.  The petition was denied.  *Ronnie Lee Johnson*

*v. Jerry Lester, Warden*, No. 2:13–cv–0112, 2014 WL 345728 (M.D. Tenn. Jan. 30, 2014). In 2014, the Petitioner filed a petition in the trial court for a writ of error coram nobis, claiming that he had newly discovered evidence and that current "case law and codes" made his convictions unconstitutional. The trial court summarily dismissed the petition as untimely, and for failure to recite the newly discovered evidence. In response to the record and the Petitioner's brief on appeal, the State has moved this Court to affirm the trial court's ruling pursuant to Court of Criminal Appeals Rule 20. The State's motion is granted.

A writ of error coram nobis is available to a defendant in a criminal prosecution. T.C.A. § 40-26-105(a) (2012). The decision to grant or to deny a petition for the writ of error coram nobis on its merits rests within the sound discretion of the trial court. *State v. Ricky Harris*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *State v. Vasques*, 221 S.W.3d 514, 527-28 (Tenn. 2007)). Tennessee Code Annotated section 40-26-105(b) provides, in pertinent part:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

A petition for a writ of error coram nobis "'may be dismissed without a hearing, and without the appointment of counsel for a hearing'" if the petition does not allege facts showing that the petitioner is entitled to relief. *Id.* (quoting *State ex rel. Edmondson v. Henderson*, 421 S.W.2d 635, 636 (Tenn. 1967)). Coram nobis claims are subject to a one-year statute of limitations that is computed from the date the judgment of the trial court becomes final. T.C.A. § 27-7-103 (2009)*; State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999). Due process considerations may toll the statute of limitations applicable to coram nobis petitions. *Workman v. State*, 41 S.W.3d 100, 101 (Tenn. 2001). To determine whether due process requires tolling, a court must weigh the petitioner's interest in obtaining a hearing to present a later-arising ground for relief against the State's interest in preventing stale and groundless claims. *Id*. at 103. Whether due process requires tolling of the limitations period is a mixed question of law and fact, which this Court reviews *de novo* with no presumption of correctness. *See Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn.2006).

Having reviewed the record, this Court concludes that the trial court did not err in summarily dismissing the Petitioner's petition for a writ of error coram nobis. The petition was filed outside the one-year statute of limitations period and the Petitioner has failed to show that he is entitled to tolling of the statutory period on due process grounds. Furthermore, the Petitioner has not provided any grounds for relief. The Petitioner in his

brief states that the newly discovered evidence is the false testimony and an affidavit of the State's witness, and a surveillance tape from the crime scene. The Petitioner fails to indicate how this evidence "may have resulted in a different judgment." T.C.A. § 40-26-105(b). The Petitioner is not entitled to coram nobis relief. Accordingly, the trial court did not err when it summarily dismissed the petition. The State's motion is granted, and the judgment of the trial court is hereby affirmed in accordance with Rule 20.


_____

ROBERT W. WEDEMEYER, JUDGE