# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs at Knoxville December 13, 2011

## TIMOTHY C. WATSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hickman County**
No. 11-CV-23    Timothy L. Easter, Judge

---

**No. M2011-01726-CCA-R3-HC - Filed April 20, 2012**

---

The Petitioner, Timothy C. Watson, pro se, appeals the Hickman County Circuit Court's summary dismissal of his petition for a writ of habeas corpus from his 2009 conviction for sale of cocaine over one-half gram and resulting fifteen-year sentence. The Petitioner contends that he was denied the right to counsel at his trial and that he was entitled to an evidentiary hearing. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Timothy C. Watson, Only, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; and Kim R. Helper, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner was convicted by a Dyer County Circuit Court jury. He filed a petition for a writ of habeas corpus contending that his conviction was void because the trial court forced him to represent himself at his trial. The trial court summarily dismissed the petition for failure to state a cognizable claim for habeas corpus relief. This appeal followed.

On appeal, the Petitioner contends that the trial court erred by summarily dismissing his petition for a writ of habeas corpus. He argues that he was denied the right to counsel at his trial and that he was entitled to an evidentiary hearing. The State contends that the Petitioner failed to establish that he is entitled to relief. We agree with the State.

Whether habeas corpus relief should be granted is a question of law that is reviewed de novo with no presumption of correctness. State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2001). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999); State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1969).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Id. at 255-56. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-92 (Tenn. 1964). The trial court, however, may dismiss a petition for a writ of habeas corpus without a hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636-37 (Tenn. 1967); see T.C.A. § 29-21-109 (2010).

This court has stated that challenges to convictions on constitutional grounds are issues for post-conviction relief rather than habeas corpus relief. Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); see Frederick B. Zonge v. State, No. 03C01-9903-CR-00094, Morgan County, slip op. at 2 (Tenn. Crim. App. Dec. 16, 1999) (stating "alleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings"), perm. app. denied (Tenn. Jun. 26, 2000). The violation of a petitioner's right to counsel is not a cognizable claim for habeas corpus relief in Tennessee. See Mohamed F. Ali v. State, No. 03C01-9704-CR-00163, Johnson County, slip op. at 2 (Tenn. Crim. App. June 12, 1998) (holding that trial court did not err in summarily dismissing habeas corpus petition that alleged petitioner was denied counsel during sentencing hearing), perm. app. denied (Tenn. Feb. 12, 1998). "A denial of the right to counsel under the Sixth Amendment to the United States Constitution and Article I, section 9 of our state constitution would make the judgment voidable, not void." Id.; see Frederick B. Zonge, slip op. at 3 (holding that claims of violations to a petitioner's Fifth Amendment right to testify in his own defense, Sixth Amendment right to counsel, and Fourteenth Amendment right to due process were not cognizable habeas corpus claims). The Petitioner's contention, even if true, would not serve as a basis for relief because it would only render the judgment of conviction voidable, not void. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____

JOSEPH M. TIPTON, PRESIDING JUDGE