IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 22, 2012

**JEREMY KYLE MASSEY v. DAVID SEXTON, WARDEN**

**Appeal from the Criminal Court for Johnson County**
**No. 6011    Lynn W. Brown, Judge**

---

**No. E2012-00439-CCA-R3-HC - Filed September 21, 2012**

---

The Petitioner, Jeremy Kyle Massey, pro se, appeals the Johnson County Criminal Court's summary dismissal of his petition for a writ of habeas corpus from his 1999 second degree murder conviction and resulting forty-five-year sentence.  The Petitioner contends that the trial court erred by denying him habeas corpus relief.  He argues that his conviction and sentence are void because the first degree murder indictment was defective.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which ALAN E. GLENN and JEFFREY S. BIVINS, JJ., joined.

Jeremy Kyle Massey, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; and Anthony Wade Clark, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner pleaded guilty to second degree murder in 1999.  Although he did not appeal the conviction, he sought post-conviction relief, which the trial court denied, and this court affirmed.  See Jeremy Kyle Massey v. State, No. M2001-02736-CCA-R3-PC (Tenn. Crim. App. Dec. 31, 2002), perm. app. denied (Tenn. May 19, 2003).  In his petition for the writ of habeas corpus, the Petitioner contended that his conviction and sentence are void in that the trial court lacked jurisdiction because the indictment failed to charge all the necessary elements of first degree murder.  The trial court summarily dismissed the petition

because nothing in the petition supported a conclusion that the conviction is void or that the Petitioner's sentence has expired. This appeal followed.

The Petitioner contends that the trial court erred by denying his petition for habeas corpus relief. He argues that the trial court lacked jurisdiction because the indictment was defective by stating he "intentionally, knowingly, or recklessly and premeditatedly" killed the victim rather than premeditatedly and intentionally killed the victim. See T.C.A. § 39-13-202(a)(1) (Supp. 1998) (amended 2002, 2007). The State contends that the trial court properly dismissed the petition and argues that the Petitioner has failed to state a cognizable claim for relief. We agree with the State.

The determination of whether habeas corpus relief should be granted is a question of law that is reviewed de novo with no presumption of correctness. State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999); State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1969).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Id. at 255-56. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-92 (Tenn. 1964). The trial court, however, may dismiss a petition for the writ of habeas corpus without a hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636-37 (Tenn. 1967); see T.C.A. § 29-21-109 (2010).

The indictment charging the Petitioner with first degree murder stated,

> The Grand Jurors of Lawrence County, Tennessee, duly impaneled, and sworn upon their oath, present: That Jeremy Kyle Massey on or about the 12th day of October, 1998, in Lawrence County, Tennessee and before the finding of this indictment, did unlawfully and intentionally, knowingly, or recklessly and premeditatedly kill another, to-wit: Jeffery

Willard Stem, in violation of T.C.A. 39-13-202, all of which is against the peace and dignity of the State of Tennessee.

Proper notice of the offense is provided if the indictment "contains allegations that (1) enable the accused to know the accusation to which answer is required; (2) furnish the trial court an adequate basis for entry of a proper judgment; and (3) protect the accused from a subsequent prosecution for the same offense." State v. Hammonds, 30 S.W.3d 294, 299 (Tenn. 2000) (citing State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997)). "A valid indictment is an 'essential jurisdictional element' to any prosecution," and "a defective indictment may deprive a court of jurisdiction." Hart, 21 S.W.3d at 903 (quoting Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). "So long as an indictment performs its essential constitutional and statutory purposes, a defect or omission in the language of the indictment will not render the judgment void." Hart, 21 S.W.3d at 903.

We conclude that the indictment provided the Petitioner notice that he was charged with first degree murder. Although the indictment states that the mental culpability for first degree murder is an intentional, knowing or reckless and premeditated killing, rather than a premeditated and intentional killing, the indictment cites Tennessee Code Annotated section 39-13-202 and put the Petitioner on notice that he was charged with first degree murder. See State v. Carter, 988 S.W.2d 145, 149 (Tenn. 1999) (holding that "an indictment which includes a reference to the criminal statute that sets forth the mens rea is sufficient to give a defendant notice of the applicable mental state"). The inclusion of knowing or reckless was surplus language.

The Petitioner also argues that because of the surplus language in the indictment, the State failed to put him on notice as to which of the three forms of first degree murder outlined in Code section 39-13-202(a) applied. We conclude this is not a cognizable claim for which habeas corpus relief can be granted. Because the indictment satisfied the statutory and constitutional requirements of notice, the judgment and sentence are not void.

We note that although the Petitioner also argues that his pleading guilty to second degree murder did not cure the defective indictment, we have concluded that the indictment was not defective. We conclude that the trial court did not err by dismissing the petition for a writ of habeas corpus and that the Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE