IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 22, 2012

## CHRISTOPHER A. WILLIAMS v. TONY HOWERTON, WARDEN

**Appeal from the Criminal Court for Morgan County**
**No. 2012-CR-42   E. Eugene Eblen, Judge**

_____

**No. E2012-00932-CCA-R3-HC - Filed October 8, 2012**

_____

The Petitioner, Christopher A. Williams, pro se, appeals the Morgan County Criminal Court's summary dismissal of his petition for a writ of habeas corpus from his attempt to commit aggravated robbery and felony murder convictions and resulting sentence of life imprisonment. The Petitioner contends that the trial court erred by summarily dismissing his petition for a writ of habeas corpus in that his convictions and sentences are void because his right to counsel was denied and his privilege against self-incrimination was violated. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which ALAN E. GLENN and JEFFREY S. BIVINS, JJ., joined.

Christopher A. Williams, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; and Russell Johnson, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner was indicted for first degree murder, felony murder, and attempt to commit aggravated robbery. The first trial resulted in a mistrial. See State v. Christopher A. Williams, No. 02C01-9711-CR-00427 (Tenn. Crim. App. July 29, 1998), perm. app. denied (Tenn. Feb. 16, 1999). Although the jury could not reach a verdict with regard to the murder charges at the second trial, the Petitioner was convicted of attempted aggravated robbery, and this court affirmed the conviction and six-year sentence. Id. At the third trial, the Petitioner was convicted of felony murder and sentenced to life imprisonment, and this

court affirmed the conviction and sentence. See State Christopher A. Williams, No. 02C01-9711-CR-00440 (Tenn. Crim. App. Dec. 10, 1998), perm. app. denied (Tenn. Apr. 26, 1999). The Petitioner sought post-conviction relief, which the trial court denied, and this court affirmed. See Christopher A. Williams v. State, No. W2003-00676-CCA-R3-PC (Tenn. Crim. App. May 6, 2004) (not for citation), perm. app. denied (Tenn. Sept. 13, 2004).

In his petition for a writ of habeas corpus, the Petitioner contended that his convictions and sentences are void because he was denied his right to counsel during the police interview and because his privilege against self-incrimination was violated in that the police failed to advise him of his Miranda rights. The State moved to dismiss the petition on the ground that it failed to state a claim on which habeas corpus relief could be granted, and the trial court summarily dismissed the petition. This appeal followed.

The Petitioner contends that the trial court erred by dismissing his petition for relief without an evidentiary hearing. He argues that his constitutional right to an attorney was violated during the police interview and that his privilege against self-incrimination was violated because the police failed to advise him of his Miranda rights. The State contends that the trial court properly dismissed the petition and argues that the Petitioner has failed to state a cognizable claim for habeas corpus relief. We agree with the State.

The determination of whether habeas corpus relief should be granted is a question of law that is reviewed de novo with no presumption of correctness. State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999); State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Id. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-92 (Tenn. 1964). The trial court, however, may dismiss a petition for a writ of habeas corpus without a hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636-37 (Tenn. 1967); see T.C.A. § 29-21-109 (2010).

This court has recognized that challenges to convictions based upon constitutional violations in the conviction proceedings are issues for post-conviction relief rather than habeas corpus relief. Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); see Fredrick B. Zonge v. State, No. 03C01-9903-CR-00094, slip op. at 2 (Tenn. Crim. App. Dec. 16, 1999) (stating "[a]lleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings"), perm. app. denied (Tenn. June 26, 2000). This court has concluded that violations of a petitioner's right to counsel are not cognizable claims for habeas corpus relief in Tennessee. See Mohamed F. Ali v. State, No. 03C01-9704-CR-00163, slip op. at 2 (Tenn. Crim. App. June 12, 1998) (holding that the trial court did not err in summarily dismissing a habeas corpus petition that alleged the petitioner was denied counsel during a sentencing hearing), perm. app. denied (Tenn. Feb. 16, 1999). Likewise, "a violation of Miranda . . . [is not] cognizable in a habeas corpus proceeding." State v. Allen Doane, E2009-01374-CCA-R3-CD, slip op. at 12 (Tenn. Crim. App. July 6, 2011).

We conclude that the Petitioner's contention, even if true, would not serve as a basis for habeas corpus relief because it would only render the judgments voidable, not void. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE