IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 9, 2013

## CORNELIUS RICHMOND v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lauderdale County**
**No. 6642    Joseph H. Walker, III, Judge**

_____

**No. W2013-00354-CCA-R3-HC  - Filed September 11, 2013**

_____

The Petitioner, Cornelius Richmond, appeals the Lauderdale County Circuit Court's summary dismissal of his petition for habeas corpus relief from his 2003 convictions for robbery and three counts of forgery and resulting thirty-three-year sentence. The Petitioner contends that (1) his three forgery convictions are void because they should have been merged into a single conviction and (2) his multiple sentences violate principles of double jeopardy. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Cornelius Richmond, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Senior Counsel; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner was convicted upon proof that he forcefully stole a purse from the victim and used the victim's credit card to buy various items. This court affirmed the Petitioner's convictions on appeal. *State v. Cornelius Richmond*, No. W2003-00683-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App. Mar. 1, 2004), *perm. app. denied* (Tenn. Oct. 4, 2004). The Petitioner sought post-conviction relief, and this court affirmed the trial court's denial of relief. *Cornelius Richmond v. State*, No. W2007-00580-CCA-R3-PC (Tenn. Crim. App. Feb. 4, 2009), *perm. app. denied* (June 15, 2009). The Petitioner now seeks habeas corpus relief.

In his habeas corpus petition, the Petitioner contended that his three forgery convictions were void because the trial court was required to merge them into one forgery conviction. He argued that the three forgery offenses were committed within twenty-four hours and were the result of a single course of conduct pursuant to Tennessee Code Annotated section 40-35-106(b)(4) (2010). He also contended that the trial court illegally ordered consecutive sentences. The trial court summarily dismissed the petition, finding that the Petitioner's sentence was not expired and that the court had jurisdiction to sentence the Petitioner. This appeal followed.

**I**

The Petitioner contends that his forgery convictions are illegal and the sentences void because they arise from a single course of conduct and that the convictions should have been merged into a single conviction. The State responds that the Petitioner has failed to allege a cognizable claim for habeas corpus relief. We agree with the State.

The determination of whether habeas corpus relief should be granted is a question of law that is reviewed de novo with no presumption of correctness. *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2001). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). When applicable, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999); *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1969).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.* at 255-56. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. *State ex rel. Kuntz v. Bomar*, 381 S.W.2d 290, 291-92 (Tenn. 1964). The trial court, however, may dismiss a petition for writ of habeas corpus without a hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. *Hickman*, 153 S.W.3d at 20; *State ex rel. Edmondson v. Henderson*, 421 S.W.2d 635, 636-37 (Tenn. 1967); *see* T.C.A. § 29-21-109 (2010).

The Petitioner argues that the trial court should have merged his three forgery convictions into one conviction pursuant to Tennessee Code Annotated section 40-35-106(b)(4) (2010). Tennessee Code Annotated section 40-35-106(b) addresses the means by

which a trial court is to determine the number of previous convictions a defendant has for purposes of multiple offender classification. As a result, the statute is inapplicable to the Petitioner's case because it addresses *previous* convictions that permit a court to sentence a defendant as a multiple offender. We note that the Petitioner was sentenced as a career offender under Code section 40-35-108 (2010). He is not entitled to relief on this basis.

## II

The Petitioner contends for the first time on appeal that his convictions and sentences violate double jeopardy principles because he was not the person who used the victim's credit card, the basis for the forgery convictions. He claims that his criminal responsibility for the forgeries was "single impulse" and only required one penalty. The State responds that the Petitioner has failed to state a cognizable claim for relief. We agree with the State.

The State argues that the Petitioner has waived this claim because he failed to raise it before the trial court. We agree. We note, as well, that the issue is not a cognizable claim for relief. Challenges to convictions based upon constitutional violations in the conviction proceedings are issues for post-conviction relief, rather than habeas corpus relief. *Luttrell v. State*, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); *see Fredrick B. Zonge v. State*, No. 03C01-9903-CR-00094, slip op. at 2 (Tenn. Crim. App. Dec. 16, 1999) (stating "[a]lleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings"), *perm. app. denied* (Tenn. June 26, 2000). This court has stated, "'[A]n allegation of double jeopardy does not render a conviction void, but merely voidable.'" *Ricky Lynn Hill v. Tony Parker, Warden*, No. W2010-01423-CCA-R3-HC, slip op. at 5 (Tenn. Crim. App. Jan. 24, 2011) (quoting *William C. Brothers v. State*, No. W2008-01680-CCA-R3-HC (Tenn. Crim. App. Oct. 14, 2009)). Likewise, "In all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." *State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000). The Petitioner is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE