IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 15, 2014

## LUIS RODRIGUEZ v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2008-A-415    Cheryl Blackburn, Judge**

_____

**No.  M2013-01723-CCA-R3-HC - Filed February 13, 2014**

_____

The Petitioner, Luis Rodriguez, appeals the Davidson County Criminal Court's summary dismissal of his petition for a writ of habeas corpus regarding his 2008 conviction for especially aggravated robbery, for which he is serving a twenty-five-year sentence. The Petitioner contends that the trial court erred in dismissing the petition when his guilty plea was unknowingly and involuntarily entered. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Luis A. Rodriguez, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; Victor S. (Torry) Johnson, III, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On August 7, 2008, the Petitioner pleaded guilty to especially aggravated robbery. Pursuant to the plea agreement, the trial court sentenced him to twenty-five years as a violent offender. According to the State's recitation of the facts at the guilty plea hearing,

> [O]n November the 7th, 2007, police responded to a robbery at 3225 Gallatin Pike at the La Tropicana (phonetic) Market. And police were called as a result of the victim . . . [flagging] down officers with severe cuts to her throat and face[. She] was then transported to Vanderbilt in critical condition. Investigation revealed that the defendant had entered that store and robbed the

victim of the contents of the register and had caused the injuries to her face and throat by use of a knife.

And on November 10th of 2007 the defendant turned himself in and told the officer that he wanted to talk about the robbery on Gallatin Pike because he was the one who did it.

In his petition for a writ of habeas corpus, the Petitioner contended that his guilty plea was unknowingly and involuntarily entered because he was not fully aware of the consequences of the plea, the plea was coerced, and the plea was not entered in conformity with Tennessee Criminal Procedure Rule 11. He argued that because he "function[ed] at a low intelligence level," he did not comprehend the plea process and that the trial court did not inquire on the record about his comprehension. He also contended that the trial court failed to inform him of the right against self-incrimination, failed to require a factual basis for his plea, and failed to ensure the translator was qualified and sworn pursuant to Tennessee Rules of Evidence 604 and 702.

In denying the petition for habeas corpus relief, the trial court found that the Petitioner did not challenge the court's jurisdiction or assert that his sentence had expired but that his claims related to his understanding of his plea agreement and to the effective assistance of counsel. The court found that the Petitioner alleged his sentence was "void or voidable" and alternatively treated the petition as one for post-conviction relief.

In denying post-conviction relief, the trial court found that the Petitioner did not appeal his conviction and that it became final thirty days after he pleaded guilty. The court noted that almost five years had passed since the conviction became final and found that none of the Petitioner's claims qualified as exceptions to the post-conviction statute of limitations. The court dismissed the petition because it was filed outside the statute of limitations.

On appeal, the Petitioner contends that the trial court failed to apply plain error in dismissing his habeas corpus petition without a hearing and that the court denied him due process and lacked jurisdiction to accept his guilty plea when the interpreter was not properly sworn or qualified. The State contends that the court properly dismissed the petition. We conclude that the trial court properly denied relief.

The determination of whether habeas corpus relief should be granted is a question of law that is reviewed de novo with no presumption of correctness. *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant

or that the sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999); *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.* The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. *State ex rel. Kuntz v. Bomar*, 381 S.W.2d 290, 291-92 (Tenn. 1964).

Regarding the Petitioner's argument that the trial court erred in dismissing his petition without a hearing, a trial court may dismiss a petition for a writ of habeas corpus without a hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *State ex rel. Edmondson v. Henderson*, 421 S.W.2d 635, 636-37 (Tenn. 1967); *see* T.C.A. § 29-21-109 (2010). His claims that his guilty plea was unknowing and involuntary, if proven, would render the challenged judgment voidable rather than void and do not present cognizable claims for habeas corpus relief. The Petitioner has not established that he is entitled to a writ of habeas corpus.

The Petitioner's reply brief takes issue with the State's insisting upon presenting the petition as one for post-conviction relief. After determining habeas corpus relief was not cognizable, the trial court alternatively considered the petition as one for post-conviction relief. Consideration of the petition as one for post-conviction relief as a possible means to grant relief was not prejudicial to the Petitioner. The petition had no merit for habeas corpus relief and essentially alleged grounds that are addressed in a post-conviction petition.

Tennessee Code Annotated Section 40-30-102(a) (2012) provides that a person must petition for post-conviction relief within one year of the date on which the judgment became final. The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief . . . , and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." *Id.* In the present case, the petition was filed on April 15, 2013, over four years after the Petitioner pleaded guilty and well beyond the one-year limitations period. None of the limited exceptions to the post-conviction statute of limitations apply. *See* T.C.A. § 40-30-102(b) (2012). We conclude that the trial court properly determined that the Petitioner is not entitled to habeas corpus or post-conviction relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE