IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2014

## THOMAS PAUL GAGNE, JR. v. MICHAEL DONAHUE, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. CC-13-CR-146    Joseph H. Walker, III, Judge**

———————

**No. W2013-02403-CCA-R3-HC  - Filed May 21, 2014**

———————

The Petitioner, Thomas Paul Gagne, Jr., appeals the Hardeman County Circuit Court's summary dismissal of his petition for habeas corpus relief from his 1998 convictions for two counts of felony murder, aggravated burglary, and two counts of theft of property valued at $500 or less and his effective life sentence. The Petitioner contends that the trial court erred by dismissing his petition without an evidentiary hearing. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Thomas Paul Gagne, Jr., Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner was convicted upon guilty pleas and received consecutive life sentences for his two felony murder convictions, a concurrent six-year sentence for his aggravated burglary conviction, and concurrent eleven-month, twenty-nine-day sentences for his two theft of property convictions. According to the felony murder judgments, the life sentences were consecutive to each other and to case number "59006," but the 59006 judgment is not included in the appellate record. The Petitioner sought post-conviction relief on the ground that he received the ineffective assistance of counsel. The trial court denied relief, and this court affirmed the denial. *Thomas Paul Gagne, Jr. v. State*, No. E2000-03073-CCA-R3-PC

(Tenn. Crim. App. July 25, 2001), *perm. app. denied* (Tenn. Nov. 5, 2001). The Petitioner now seeks habeas corpus relief.

In his habeas corpus petition, the Petitioner asserted that his six-year aggravated burglary sentence in Count 5 was to be served concurrently with his life sentence for felony murder in Count 3 and that it was imposed concurrently with the sentence in case number 59006, not consecutively. The trial court noted that the judgment forms were attached to the petition but that the plea form and the transcript of the proceedings were not attached. The court summarily dismissed the petition, finding that habeas corpus relief was not appropriate because the Petitioner's sentences had not expired and the court had jurisdiction to sentence him. The court also noted that if the petition was treated as one for post-conviction relief, the court did not have jurisdiction and that the Petitioner had previously filed a post-conviction petition. This appeal followed.

The Petitioner contends that his sentences are illegal. He argues that the judgment for his aggravated burglary conviction in Count 5 shows that its six-year sentence is to be served concurrently to his life sentence in Count 1 "in direct contravention of his guilty plea agreement and the (1989) Sentencing Act." He asserts that the Count 5 judgment also states that its six-year sentence is to be served concurrently to the sentence in case number 59006, which he argues is in direct contravention of his guilty plea. He also argues that the trial court breached his plea agreement and that the Tennessee Department of Correction (TDOC) illegally altered his judgments. The State responds that the trial court properly dismissed the petition because the Petitioner failed to state a cognizable ground for habeas corpus relief. We conclude the Petitioner is not entitled to relief.

The determination of whether habeas corpus relief should be granted is a question of law that is reviewed de novo with no presumption of correctness. *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2001). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). When applicable, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999); *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968).

A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.* at 255-56. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. *State ex rel.*

*Kuntz v. Bomar*, 381 S.W.2d 290, 291-92 (Tenn. 1964). The trial court, however, may dismiss a petition for writ of habeas corpus without a hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *State ex rel. Edmondson v. Henderson*, 421 S.W.2d 635, 636-37 (Tenn. 1967); *see* T.C.A. § 29-21-109 (2010).

We note that the Petitioner's sole issue in his petition concerned Count 5 being served concurrently to Count 3 but that in his brief, his issue concerns Count 5 being served concurrently to Count 1. The judgments show that Count 5 is to be served concurrently to Counts 1 and 3, not case number 59006. The judgments for Counts 1 and 3 show that they are to be served consecutively to each other and to case number 59006. The Petitioner's serving the sentence for Count 5 concurrently with those for Counts 1 and 3 makes the Count 5 sentence consecutive to case number 59006, as well. We conclude that the sentence is not illegal and that the Petitioner is not entitled to relief on the issue.

Regarding the Petitioner's arguments concerning TDOC and his plea agreement, the Petitioner relies on documents attached to his brief, which were not submitted to the trial court and were not included in the appellate record. In any event, the Petitioner's claims of error involving TDOC and his plea of guilty and waiver of jury trial form are not cognizable for habeas corpus relief. We conclude that his judgments provide legal sentences and that he is not entitled to relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE