IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 12, 2016

**DANNY RAY LACY v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-15-264        Donald H. Allen, Judge**

---

**No. W2015-02345-CCA-R3-ECN  -  Filed July 25, 2016**

---

In 1996, a Madison County jury convicted the Petitioner, Danny Ray Lacy, of first degree felony murder during the perpetration of aggravated child abuse, and the trial court sentenced him to life in prison without the possibility of parole. The Petitioner appealed, and this Court affirmed the Petitioner's conviction and sentence. *State v. Lacy*, 983 S.W.2d 686 (Tenn. Crim. App. 1997). The Petitioner filed an unsuccessful petition for habeas corpus relief. *Danny Ray Lacy v. Cherry Lindamon, Warden*, No. M2009-00072-CCA-R3-CO, 2009 WL 3029619, at *1 (Tenn. Crim. App., at Nashville, Sept. 22, 2009), *no Tenn. R. App. P. 11 application filed*. The Petitioner then filed this petition for writ of error coram nobis, alleging that the Jackson Police Department possessed exculpatory evidence. The coram nobis court dismissed the petition, and, after review, we affirm that judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J. delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Danny Ray Lacy, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; James G. Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

In our opinion from the Petitioner's first direct appeal, we summarized the facts presented at trial. Those facts showed that the victim's mother and the Petitioner, who was not the victim's biological father, were in a relationship. The Petitioner had

previously beaten the victim as a form of punishment, which caused the victim's mother to lose custody of him. When the victim was returned to his mother's care, the victim's mother again began dating the Petitioner. While in the Petitioner's care, the victim suffered blunt force trauma resulting in his death. The Petitioner testified at trial that the victim fell and hit his head but seemed fine. The jury convicted the Petitioner of felony first degree murder.

The Petitioner appealed, and this Court affirmed the Petitioner's conviction and sentence. *Lacy*, 983 S.W.2d at 686. Later, the Petitioner sought post-conviction relief alleging ineffective assistance of counsel. The post-conviction court denied relief, and this Court affirmed. *See Danny Ray Lacy v. State*, No. W2000-01898-CCA-R3-PC, 2001 Tenn. Crim. App. LEXIS 4341 (Tenn. Crim. App., at Jackson, June 7, 2001), *no Tenn. R. App. P. 11 application filed.*[1]

The Petitioner filed a petition for a writ of habeas corpus on November 7, 2008. As grounds for relief, the Petitioner argued: (1) that the trial court failed to properly instruct the jury in two respects, charging second degree murder as a lesser included offense and including the definition of "intentional," and (2) that trial counsel was ineffective for failing to object to these erroneous instructions. The habeas corpus court summarily dismissed the petition. This Court affirmed, holding that the petition did not state a cognizable claim for habeas corpus relief. *Danny Ray Lacy v. State*, No. M2009-00072-CCA-R3-CO, 2009 WL 3029619, at *2 (Tenn. Crim. App., at Nashville, Sept. 22, 2009), *no Tenn. R. App. P. 11 application filed*.

On September 11, 2015, the Petitioner filed a petition for writ of error coram nobis. In it, he alleged that the Jackson Police Department possessed newly discovered exculpatory evidence. He asserted that the statute of limitations should be tolled because he only recently received the records showing that this evidence existed. He said that, up until that time, he had been denied access to the Jackson Police Department's investigative file. The Petitioner alleged that the file contained a statement of Virginia Anderson, the victim's grandmother, which contradicted her trial testimony. He attached that statement to his petition. It read:

> [The victim's mother] brought [the victim] to my house in the afternoon on Saturday. She came back to pick him up around 12 p.m. or 1:00 a.m.
>
> [The victim] played the whole time he was there. There w[ere] no other kids there. He and I went to bed. He talked. He went to sleep before

---

[1] Only the LEXISNEXIS cite is currently available.

his mother came. When he came to my house he did not have a bruise to his head by his eye. I can't say about the scratch marks to his neck.

[The victim's mother] drove her car to church. She came and got me. We went back to church. After church we took her other grandmother home. She went on home.

We left the church about 5:30 p.m. Right after we got home the phone rang. I answered the phone. I could not understand what she was saying. Her daddy took the phone. She said something had happened to [the victim]. We drove over there. The ambulance and police were already there.

I have seen switch marks on [the victim].

I never heard [the victim] say anything bad about [the Petitioner].

The Petitioner alleged that this statement would have supported his own testimony that he did not know when the injuries happened and that he did nothing to the victim before his death.

The State filed a motion to dismiss, raising the statute of limitations as a defense and stating that it had given the Petitioner and his counsel open file discovery as well as the name and location of all witnesses before trial.

The coram nobis court dismissed the petition, finding that it was time-barred. It stated that the allegedly exculpatory evidence was not "newly discovered" and would not have changed the outcome of the trial. It further found that the statement's only purpose would have been to impeach Ms. Virginia Anderson's testimony. It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the coram nobis court erred when it summarily dismissed his petition. He asserts that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding Ms. Anderson's statement. He further asserts that the victim's mother admitted that she hit the victim on the same area that caused his death, that there was a conflict in the time frame of the alleged injuries, that the victim's mother's whereabouts on the day of the victim's death were not factually presented to the jury, and that our opinion on direct appeal incorrectly stated the material facts. The State

3

counters that the coram nobis court correctly found that the petition was time-barred and meritless. We agree.

A writ of error coram nobis is available to a defendant in a criminal prosecution. T.C.A. § 40-26-105(a) (2014). The decision to grant or to deny a petition for the writ of error coram nobis on its merits rests within the sound discretion of the trial court. *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *State v. Vasques*, 221 S.W.3d 514, 527-28 (Tenn. 2007)). Tennessee Code Annotated section 40-26-105(b) provides, in pertinent part:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999); *State v. Workman*, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002). As previously noted by this Court, "the purpose of this remedy 'is to bring to the attention of the [trial] court some fact unknown to the court, which if known would have resulted in a different judgment.'" *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting *State ex rel. Carlson v. State*, 407 S.W.2d 165, 167 (Tenn. 1996)).

To establish that he is entitled to a writ of error coram nobis, the Petitioner must show: (a) the grounds and the nature of the newly discovered evidence; (b) why the admissibility of the newly discovered evidence may have resulted in a different judgment if the evidence had been admitted at the previous trial; (c) that the Petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (d) the relief sought. *Hart*, 911 S.W.2d at 374-75. Affidavits should be filed in support of the petition. *Id*. at 375.

> The grounds for seeking a petition for writ of error coram nobis are not limited to specific categories, as are the grounds for reopening a post-conviction petition. Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner also establishes that the petitioner was "without fault" in failing to present the evidence at the proper time. Coram nobis claims therefore are singularly fact-intensive. Unlike motions to reopen, coram nobis claims

4

are not easily resolved on the face of the petition and often require a hearing.

*Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003). "Similar to habeas corpus hearings, coram nobis evidentiary hearings are not mandated by statute in every case." *Richard Hale Austin v. State*, No. W2005-02591-CCA-R3-CO, 2006 WL 3626332, at *5 (Tenn. Crim. App., at Jackson, Dec. 13, 2006), *no Tenn. R. App. P. 11 filed*. A petition of either type "'may be dismissed without a hearing, and without the appointment of counsel for a hearing'" if the petition does not allege facts showing that the petitioner is entitled to relief. *Id.* (quoting *State ex rel. Edmondson v. Henderson*, 421 S.W.2d 635, 636 (Tenn. 1967)).

A petition for a writ of error coram nobis must be filed within one year of the judgment becoming final in the trial court. T.C.A. § 27-7-103. This statute of limitations "is computed from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed post-trial motion." *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010); *see Mix*on, 983 S.W.2d at 670 ("[W]e reject the contention . . . that the statute does not begin to run until the conclusion of the appeal as of right proceedings."). In the present case, the judgment became final in 1998. The Petitioner did not file this petition for writ of error coram nobis until July 2014, more than fifteen years later.

The one-year statute of limitations for a petition for writ of error coram nobis may be tolled on due process grounds if a petition seeks relief based upon newly discovered evidence of actual innocence. *Harris*, 301 S.W.3d at 145. In determining whether the statute should be tolled, the court must balance the petitioner's interest in having a hearing with the State's interest in preventing a claim that is stale and groundless. *Id.* Generally, "before a state may terminate a claim for failure to comply with . . . statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992). The *Burford* rule requires three steps:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 299, 301 (Tenn. 1995). As a general rule, the claim at issue must not have existed during the limitations period to trigger due process consideration.

5

*Seals v. State*, 23 S.W.3d 272 (Tenn. 2000). Discovery of or ignorance to the existence of a claim does not create a "later-arising" claim. *See Brown v. State*, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996); *Passarella v. State*, 891 S.W.2d 619, 635 (Tenn. Crim. App. 1994).

The State bears the burden of raising the bar of the statute of limitations as an affirmative defense. *Harris*, 102 S.W.3d at 593. This Court has stated that "the statute of limitations is an affirmative defense which must be specifically pled or it is deemed waived." *Newsome v. State*, 995 S.W.2d 129, 133 n.5 (Tenn. Crim. App. 1998).

In the case under submission, we conclude that the trial court properly determined that the petition was time-barred and that due process considerations did not require a tolling of the statute of limitations. The Petitioner's permission to appeal to the Tennessee Supreme Court was denied on September 1, 1998. His petition for writ of error coram nobis was filed September 11, 2015. Further, due process does not require tolling of the statute of limitations. The State offered the Petitioner open file discovery, so he and his attorney had access to Ms. Anderson's statement before trial. The statement does not offer any exculpatory information, and it would, at best, slightly impeach Ms. Anderson's trial testimony. The statement certainly does not constitute newly discovered evidence that would warrant error coram nobis relief. The Petitioner is not entitled to relief.

## III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the coram nobis court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

6